## CHARLES E. CORUTH *v*. FRANK JONES.

### January Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, START, HASELTON, and
POWERS, JJ.

### Opinion filed May 18, 1905.

*Trespass — Assault    and    Battery — Evidence — Harmless
Error—Withdrawal of Evidence from the Jury.*

In trespass for assault and battery, plaintiff's evidence tended to
show that he had believed that improper relations existed between
his wife and defendant, and that during an altercation with de-
fendant concerning that relation the latter, without warning,
struck him with a stick. The defendant admitted the altercation,
but testified that he struck in self-defence. *Held,* that it was not
error to permit plaintiff to show when his wife and defendant
became acquainted, and that, in a former controversy between
plaintiff and defendant over the latter's relations with the wife,
defendant told plaintiff it was none of his business.

Plaintiff's witness having testified that after the assault defendant
told witness that he struck plaintiff, and it not appearing that in
so saying defendant claimed he was acting in self-defence, it was
not error to permit the witness to further testify that during the
same conversation defendant said he was sorry that anything like
that had happened.

On cross-examination, defendant was asked whether he did not visit
plaintiff's wife at a certain house, and remain there nearly all
day, with the curtains down, and he replied that he did not go
there to visit her, and was not there with her. *Held,* that, de-
fendant having denied that he made the visit indicated in the
question, the error, if any, in allowing the question to be an-
swered, did not prejudice the defendant, and was harmless.

In trespass for assault and battery, evidence tending to show that by
general reputation in the community where he resided and the
incident occurred the defendant was a peaceable and law-abiding
man is inadmissible.

In trespass for assault and battery, evidence that by reputation de-
fendant was a peaceable and law-abiding man having been im-

properly admitted over plaintiff's objection and exception, it was not error, as against the defendant, for the court to subsequently withdraw this evidence from the jury, and to refuse to allow defendant's counsel to discuss it before them.

TRESPASS for assault and battery. Pleas, the general issue and *son assault demesne.* Trial by jury at the June Term, 1904, Caledonia County, *Watson,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The exceptions state that plaintiff testified, subject to defendant's objection and exception, that prior to the alleged assault he had a talk with defendant about the latter's relation with plaintiff's wife, "in which talk he asked defendant if he would not keep away and told him he was making trouble, and that defendant, in reply, said it was none of my business."

*Dunnett & Slack* for the defendant.

*Smith & Smith* for the plaintiff.

It was not error to permit plaintiff to testify when defendant became acquainted with plaintiff's wife, and that as a result of that acquaintance there was unfriendly feeling between plaintiff and defendant. This unfriendly feeling rendered it more probable that the assault occurred, and tends to show motive. *Armstrong* v. *Noble,* 55 Vt. 428; *Edwards* v. *Leavitt,* 46 Vt. 127; *Howland* v. *Day & Dean,* 56 Vt. 318; *State* v. *Emery,* 59 Vt. 84.

Evidence of defendant's character as a man of peace is inadmissible in civil actions for assault and battery. Greenleaf on Ev. Vol. 1, art. 55; Peake on Ev., 3; Sanders' Pl. & Ev., 356, 493, star paging; Century Digest, Vol. 4, art. 42, "Assault and Battery," Starkie, Vol. 2, 366.

START, J.   The plaintiff's evidence tended to show that he had believed that improper relation existed between his wife and the defendant; that he had an altercation with the defendant concerning that relation and that, while so doing, the defendant without warning struck him with a stick.   The defendant's evidence tended to show that he had an altercation with the plaintiff, on the occasion in question, concerning the defendant's relation with the plaintiff's wife, and that the blow was struck in self-defence.   Such being the tendency of the evidence, it was not error to permit the plaintiff to show when the defendant became acquainted with the plaintiff's wife, that the defendant's relations to the plaintiff's wife had been a subject of controversy between the plaintiff and defendant, and that the defendant had told the plaintiff that it was none of his business.   Bearing upon the probability of the blow having been struck by the defendant without warning and without justifiable provocation, as was claimed by the plaintiff, it was permissible to show the subject matter of the altercation which resulted in the alleged assault and battery, when the controversy began and the nature of it.   *Armstrong v. Noble,* 55 Vt. 428.

The plaintiff called one Howland as a witness, and showed by him that sometime subsequent to the assault, he had a talk with the defendant, in which the defendant told him that he struck the plaintiff with a cane, and subject to the objection and exception of the defendant, Howland was then permitted to testify that Jones said to him on that occasion and in the same conversation that he was sorry anything like that had happened.

In this there was no error.   The defendant having told Howland that he struck the plaintiff and it not appearing that in doing so, he claimed that he acted in self-defence, the fact that he expressed sorrow in that connection for what

he had done lessened the probability of the truthfulness of his claim on trial that he acted in self-defence. If he had done no wrong and had acted entirely in self-defence he would be less likely to express sorrow for what he had done than he would if he were conscious of having done wrong and of having struck the plaintiff without provocation or justification, and the expression having been made in connection with the statement that he struck the plaintiff, the evidence was admissible.

The defendant in his defence testified in chief, that in a conversation with the plaintiff about his relations with the plaintiff's wife he told the plaintiff that the stories that were being told were not true; and subject to the defendant's exception he was asked upon cross-examination if he did not visit the plaintiff's wife at the house of one Clark and remain nearly all day with the curtains down. In answer to this question he said that he did not go there to visit the plaintiff's wife and that he was not with her at that house. It is unnecessary to and we do not decide whether this was proper cross-examination.

The defendant having denied that he visited the plaintiff's wife on the occasion and under the circumstances indicated in the question, if there was error in allowing the question to be answered, the defendant could not have been prejudiced thereby and the error, if any, was harmless.

The defendant introduced evidence, subject to the plaintiff's objection and exception, tending to show that by general reputation in the community where he resided and this incident occurred, the defendant was a peaceable, law-abiding man. In the closing argument for the defendant, Mr. Dunnett started to argue this feature of the case, whereupon counsel for the plaintiff objected thereto. The objection was sustained by the court and counsel was not permitted to proceed further with that line of argument, to which the defendant

seasonably excepted. In this there was no error; the evidence was inadmissible, (*Wright* v. *McKee,* 37 Vt., 161.) and the court could withdraw it from the consideration of the jury, as against the party introducing it, as it did, and refuse to allow counsel to discuss it before the jury. *Clement* v. *Skinner,* 72 Vt., 159, 47 Atl. 788.

> *Judgment affirmed.*