HENRY RUSS *v.* MICHAEL GOOD.

February Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed May 6, 1916.

*Assault and Battery—Civil Liability—Evidence—Character of Plaintiff and Defendant—Admission by Plea of Guilty— Explanation—Cross-examination—Repetition of Question— Arguments of Counsel—Instructions—Sufficiency—Unseasonably Requested Instructions.*

In an action for assault and battery, where plaintiff claimed that defendant stepped upon a table to facilitate the assault, evidence was admissible that it was customary to walk across the table as a short cut to an exit.

In an action for assault and battery where the plea is self-defence, evidence that plaintiff was a reputed fighter is admissible if that was known to defendant at the time of the assault.

In such case evidence is also admissible that plaintiff at previous times had abused defendant.

In an action for assault and battery, where defendant admitted that he had pleaded guilty to a charge of breach of the peace on account of the same transaction, he was properly allowed to explain that he did so to save money, acting under the advice of the chief of police.

Where defendant on cross-examination denied that he had been more than twice prosecuted on criminal charges, it was within the discretion of the court to disallow a repetition of the question.

In an action for assault and battery, defendant's character or reputation for quarrelsomeness is not in issue, and so evidence thereof is not admissible, even in his own favor.

In an action for assault and battery, where the relative weight of the parties was in issue, it was prejudicial error to allow plaintiff's attorney in his closing argument to the jury to challenge defendant to an immediate test of weight on scales.

In an action for assault and battery, where the plea was self-defence, and the relative size of the parties was in issue, an instruction that the size of the parties and their comparative ability to use force might be considered as sufficient, without particularly calling attention to defendant's position upon a table when he struck plaintiff.

It was not error to ignore a requested instruction presented at the close of the court's charge.

Error in the refusal of a requested instruction does not appear where the record furnished on review does not show whether the evidence was such as to require any such instruction.

TRESPASS for assault and battery. Plea, *son assault demesne.* Trial by jury at the September Term, 1914, Washington County, *Miles,* J., presiding. Verdict and judgment for the defendant. The plaintiff excepted. The opinion states the case.

*Richard A. Hoar* for the plaintiff.

*S. Hollister Jackson* and *John W. Gordon* for the defendant.

POWERS, J. The action is trespass for assault and battery, and the case was tried on a plea of self-defence,—issue thereon being under the rule, treated as joined. The parties were stone cutters employed in a shed in Barre. It was the custom of the workmen to eat their dinners in a room adjacent to the main shed, at a table so situated that one end of it was against a wall, and one side was only far enough from another wall to make room for a long bench on which the men sat. The evidence was sharply conflicting, but there was testimony tending to show the following facts. The trouble here involved took place at the noon hour while the men were eating at this table. Some controversy arose between these parties and a bet was proposed, but not carried out. During the dispute which had become

acrimonious, the defendant stepped up onto the table and across it; and on his way dealt the plaintiff a heavy blow on the jaw, while the latter was standing on the floor. There was evidence of previous threats made by the plaintiff against the defendant, and that on this occasion, when the defendant walked across the table to go to the main shed, as was the custom of the men who sat back of the table, the plaintiff moved along the front of the table to intercept him; that the plaintiff then assumed a threatening attitude, called the defendant vile names, and made a lunge to strike him in the stomach; that the defendant was excited and afraid, and warned the plaintiff to stand away; that the latter continued to advance toward him, swearing and threatening; that the defendant had no time to step back, and to protect himself from the impending assault, struck the blow referred to, and passed on into the shed. Various witnesses testified to the effect that it was the custom of the men to walk across the table when they finished eating as a short cut to the shed. To this line of evidence, the plaintiff excepted. In support of this exception, the plaintiff invokes the rule,—frequently approved in our cases, *Aiken* v. *Kennerson*, 58 Vt. 665, 5 Atl. 757; *Slate* v. *Wilkins*, 66 Vt. 1, 28 Atl. 323; *Clark, Admr.* v. *Smith*, 72 Vt. 138, 47 Atl. 391; *Scott* v. *Bailey*, 73 Vt. 49, 50 Atl. 557,—that because a person does a thing once, or does it in a certain way, is no evidence that he does the same thing or does it in the same way on another occasion. But this rule is wholly inapplicable. The question here is not did the defendant walk across the table, but what was his purpose in so doing. All agreed that he did, in fact, go over the table. It was the plaintiff's theory, unmistakably manifested throughout the trial, that the defendant jumped up onto the table to be in a better strategic position for his attack on the plaintiff; while the claim of the defendant was that he was merely taking the short cut to the shed. As characterizing and explaining his action in this respect, the evidence was admissible.

Subject to the plaintiff's exception, the defendant was allowed to give evidence of the plaintiff's previous reputation as a fighting man, together with proof that this reputation was then known to him, the defendant. This line of evidence was allowed to range over a rather extended period, but remoteness is usually a question for the trial court to decide, *Smith* v. *C. V. Ry. Co.*, 80 Vt. 208, 67 Atl. 535, and we see no reason for treat-

ing this case as exceptional. The evidence was clearly admissible, though the question of excessive force was not in issue. A blow or other violence necessary to one's protection is lawful; and the defendant had a right, in justification of his conduct, to show the known character of the man with whom he had to deal. This was necessary in order to show that his own action reasonably appeared to him to be necessary for his protection. *McQuiggan* v. *Ladd,* 79 Vt. 90, 64 Atl. 503, 14 L. R. A. (N. S.) 689. The rule deducible from the authorities is this: When one is assailed by another, and from the nature and circumstances of the attack, viewed in the light of known threats or hostile conduct made or exhibited by the assailant, and his known character for violence, he has reasonable ground to believe and does believe that he is in danger of bodily harm, he may be justified in striking his assailant without waiting to be actually struck himself. And this rule is equally applicable whether the question is how much force he is justified in using, or is he justified in using any force, in his defence.

George Ladue was a witness for the plaintiff. In cross-examination he was asked if prior to this occasion he had heard the plaintiff abuse the defendant. The plaintiff objected on the ground that what may have occurred before the time in question was immaterial. Under exception, the witness was allowed to answer, and said that he had heard the plaintiff abuse the defendant, but that he did not think he meant it. Counsel for the defendant asked to have the last clause of this answer stricken out, but to this the plaintiff objected. Thereupon, defendant's counsel asked to have the whole answer stricken out, and to this, also, the plaintiff objected; and the answer was allowed to stand as given. The defendant now insists that the plaintiff's attitude toward his requests amounted to a waiver of his exception. But we take no time with this question, for as we have just seen, the evidence was material and properly received as characterizing the attack upon the defendant and as indicating to him what his own action should be.

It appeared that the defendant was prosecuted for a breach of the peace on account of what took place on the occasion in question, and that he pleaded guilty to the charge. Subject to the plaintiff's exception, he was allowed to explain that he entered this plea to save money, acting under the advice of the chief of police, who told him that a plea of guilty would be the

cheapest way out of it. The plea referred to was a solemn admission by the defendant that his conduct was not justifiable and lawful, but unlawful and criminal. As such it was admissible. See *Parker* v. *Couture,* 63 Vt. 449, 21 Atl. 1102. But an admission is always open to explanation, and is to be weighed and considered in the light of the explanation. 2 'Wig. §1058. Such an admission for lack of mutuality, does not amount to an estoppel, but is subject to such an explanation as was here given. 5 C. J. 686; *Rudolph* v. *Landwerlen,* 92 Ind. 34; *Wagner* v. *Gibbs,* (Miss.) 31 So. 434, 92 Am. St. Rep. 598; *Yeska* v. *Swerdrzynski,* (Wis.) 113 N. W. 959; *McKinstry* v. *Collins,* 76 Vt. 221, 56 Atl. 985. When the defendant was under cross-examination, he admitted that he had been twice before the Barre City Court on criminal charges. He was asked if he was not up before that court a third time on a given date, and he replied that he was not. When the plaintiff attempted to press this inquiry further, the court refused to allow it, and an exception was saved. The witness had already answered that he was not before the court on the occasion referred to, and it was within the court's discretion to decline to allow a repetition of the question. *Mullin* v. *Flanders,* 73 Vt. 95, 50 Atl. 813; *State* v. *Truba,* 88 Vt. 557, 93 Atl. 293.

The plaintiff offered to show that the defendant was a quarrelsome man, and excepted to the exclusion of evidence to this effect. The ruling was correct. In these cases the defendant's character or reputation in this respect is not in issue, and evidence thereof is not admissible, even in his own favor. *Wright* v. *McKee,* 37 Vt. 161; *Coruth* v. *Jones,* 77 Vt. 441, 60 Atl. 814.

There was a conflict in the evidence as to the relative weight of these parties, the defendant claiming that the plaintiff was a much heavier man than he. In argument counsel for the plaintiff, in speaking of his client and on this branch of the case, said: "And now we will offer that you take him over to the scales and have him weighed,—now, today; and we challenge them to a proposition of weight by the scale." To this the plaintiff asked for and was granted an exception. It is impossible to justify this or excuse the error in allowing it to stand. The evidence was closed; the plaintiff was not in a position to accept the challenge, had he so desired,—at least not without the consent of the court, and it is not likely that the court would halt the trial to allow this to be done. To make this challenge

in this way was unwarranted, improper and prejudicial. This was expressly held in *Little* v. *B. & M. R. R.*, (N. H.) 55 Atl. 190, where a similar challenge was launched in argument. The same counsel referred in argument to the plaintiff as a "big brute." To this an exception was taken; but enough appears in the record, giving the evidence its strongest aspect for the defendant, to make it impossible for us to say that this characterization of the plaintiff was unwarranted; and the exception is not sustained.

The court charged the jury that in deciding whether the defendant reasonably apprehended danger from the plaintiff they might take into account the size of the two men, and the comparative ability of one to use force upon the other. To this instruction the plaintiff excepted, claiming that the court should also call attention to the fact that the defendant had the advantage of being up on the table, some three feet higher than the plaintiff. The court declined to charge further on this subject and the plaintiff excepted. It was not error to omit to modify the instruction. The reference to the ability of one, as compared with the other, to resort to force was doubtless intended to call attention to the very fact referred to by the plaintiff, and was well calculated to do so. Further reference thereto was unnecessary.

At the close of the charge, the plaintiff requested the court to instruct the jury that if they found the defendant had wilfully and knowingly testified falsely as to any material fact, they had a right to take it against him. This request was refused and the plaintiff excepted. The request was out of time and so it was not error to ignore it. Moreover, no charge of this character, though seasonably requested, was called for unless the evidence was such as to make it proper. The transcript is referred to on this exception, but it is not furnished, so error does not appear.

The other exceptions saved are not briefed.

*Reversed and remanded.*