HENRY RUSS *v.* MICHAEL GOOD.

October Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed November 19, 1917.

*Evidence—Cross Examination—Exceptions—When Controlled by Transcript—Plea of Guilty to Criminal Complaint— Weight as Evidence in Civil Suit—Discretion of Court— Argument to Jury—Harmless Error—Charge of Court.*

In an action of trespass for assault and battery, where defendant testified, on direct examination, that he had seen plaintiff strike and kick another person upon a certain occasion, it was not error to allow the question, on cross examination, whether that person had not been greasing the face of the plaintiff's hammer; and defendant's reply that he knew nothing about that rendered the answer harmless.

A plea of guilty to a criminal complaint for breach of the peace is an admission that the conduct in question was unlawful and, in a civil action to recover damages resulting from the assault committed in the transaction, the weight to be given to the plea, as evidence, depends upon the conditions and circumstances under which it was entered, and it is the duty of the jury to consider the admission in the light of such explanation as defendant sees fit to give, a·full opportunity to test the reasonableness of such explanation by means of cross examination having been afforded.

Under the circumstances, *held,* that the trial court did not overstep the bounds of discretion in permitting cross examination of defendant upon his explanation of a plea of guilty entered by him to a charge of breach of the peace.

Where it does not appear that there was prejudicial error in the argument of counsel to the jury, an exception thereto will not be sustained.

In an action of trespass for assault and battery, the charge of the court upon the subject of self defence examined and, taken as a whole, *held,* not misleading.

In an action of trespass for assault and battery, the charge of the court upon the subject of a plea of guilty entered by defendant to a

criminal complaint for breach of the peace, *held* without error, it fairly appearing that the complaint included the assault committed upon plaintiff.

TRESPASS for assault and battery. Pleas, the general issue, and self defence. Replication, *de injuria.* Trial by jury at the September Term, 1916, Washington County, *Fish,* J., presiding. Verdict for plaintiff. Defendant excepted. See the prior report of this case, 90 Vt. 236, 97 Atl. 987.

Plaintiff and defendant were granite cutters, employed by the same firm. The employees were accustomed to eat their dinners each day in a room near the main shed, in which there was a table so placed that one end was against the wall of the room, and one side so close to another wall that there was only room for a bench upon which defendant was seated. Plaintiff sat on the opposite side of the table, but not directly facing defendant. A dispute arose between the parties, and, during it, defendant stepped upon the table, and across it, as was often done by those sitting on his side of the table who wished to leave the room, and, as he passed the plaintiff, struck him and broke his jaw. There was evidence on the part of defendant of previous threats made by plaintiff toward him. Defendant's evidence tended to show that, as he stepped across the table, plaintiff moved toward him, assumed a threatening attitude, called him vile names, and made as if to strike him in the stomach; that he warned plaintiff to stand back, and that, to defend himself, he struck the blow complained of.

Plaintiff's evidence tended to show that when defendant stepped upon the table, he was standing on the floor, and made no move toward defendant nor motion to strike him.

It appeared that, soon after the event, defendant pleaded guilty to a criminal complaint for a breach of the peace, the complaint being for the same acts complained of in this suit.

*John W. Gordon* and *S. Hollister Jackson* for defendant.

*Richard A. Hoar* for plaintiff.

TAYLOR, J. The action is trespass for an assault and battery. The case was tried at the September Term, 1914, of Washington County court on a plea of self defence, with verdict and

judgment for the defendant. It came to this Court on exceptions and was reversed for improper argument. 90 Vt. 236, 97 Atl. 987. After the remand the pleadings were amended by adding the replication *de injuria* and a new trial was had, resulting in a verdict and judgment for the plaintiff. The facts developed on the retrial were substantially the same as at the previous trial and are sufficiently detailed in our former opinion.

The defendant testified in direct examination that on a certain occasion he saw the plaintiff strike and kick a young man named Meeker. In cross examination he was asked if Meeker hadn't been greasing the face of plaintiff's hammer and tools so that, when plaintiff would strike, his hammer would slip off, and under exception replied: ''I don't remember any greasing about it. I don't know anything about that.'' This was not error. The defendant had testified that he was present and saw the affair. It was proper to find out all that he knew about it that would affect his estimate of the plaintiff as a ''man of war.'' Besides, the answer was colorless and no possible prejudice to the defendant could have resulted.

Later, Meeker was called as a witness in rebuttal and after testifying that on the occasion in question the plaintiff kicked him, but did not strike nor injure him, he was asked: ''What did you do just before that?'' and answered before an objection was interposed: ''We greased his hammer.'' Discussion followed at the close of which the court excluded the question and allowed the plaintiff an exception. The matter has been argued here as though the ruling was the other way, as indeed the bill of exceptions would seem to indicate. But the transcript is made controlling and clearly shows that the defendant has no cause for complaint.

It had appeared in evidence that soon after the encounter with the plaintiff the defendant pleaded guilty in the Barre city court to a grand juror's complaint for a breach of the peace on account of the transaction involved in this suit. The defendant had testified in direct examination that he did this upon the advice of the chief of police of the city of Barre, that it was cheaper and easier for him than to try the case. Four exceptions were saved in the course of his cross examination on this subject. They are so related that they can most conveniently be considered together and raise the question of the scope of proper cross examination. Defendant's counsel contend that ''the char-

acterizing of the defendant" and the inquiries as to his property were outside the limits of legitimate cross-examination.

Briefly stated the situation was this: After the defendant had said in cross-examination that the reason why he pleaded guilty was "to get off as easy and cheap as he could,—didn't want any further trouble," he was asked: "And you had rather have a police record than to try the case and be acquitted of the charge * * * that the kind of a man you are?" Against an objection by his counsel "to his characterizing the kind of a man he is," defendant replied under exception: "Well, I didn't have any money." Then followed the other questions objected to, which developed the fact that the defendant when he pleaded guilty held the title to a cottage house, a double tenement house and two lots, though he didn't have them paid for.

Defendant's plea was an admission that his conduct on the occasion in question was not justifiable and lawful, but unlawful and criminal. The weight to be given to it as evidence in this case depended upon the conditions and circumstances under which the plea was entered, and it would be the duty of the jury to consider the admission in the light of such explanation as the defendant saw fit to give. *Russ* v. *Good,* 90 Vt. 236, 240, 97 Atl. 987; *McKinstry* v. *Collins,* 76 Vt. 221, 227, 56 Atl. 985. But the interests of justice required that a full opportunity be given to test the reasonableness of the explanation by cross examination. It is clear that the court did not overstep the bounds of discretion in permitting the cross-examination to go to the extent it did. The criticism as to "characterizing the defendant" is without foundation and in the inquiries as to property counsel only followed where the defendant led in attempting to extricate himself from an embarrassing situation.

In the closing argument counsel for plaintiff called the jury's attention to the fact which appeared in evidence that all the witnesses summoned by the plaintiff were still working for Jones Brothers and inquired: "Where is Good?" Defendant's counsel objected saying: "He is probably trying to make the inference that the defendant was ejected, instead of voluntarily stepping out and going to farming a good while after this thing occurred." When asked by the court what he had to say, plaintiff's counsel replied: "That it is perfectly proper to show that he is not there with the boys now." Thereupon the court directed him to go on and allowed the defendant an exception.

Plaintiff's counsel continued: ''What I was arguing to you, gentlemen, you see the trouble he had there, you have heard him tell about it, and so far as the witnesses can tell you about it, were from the statements of his own brother—or the action of his own brother—he seems to be an undesirable element; and the other witnesses that appear here in court, as far as they have testified, they are still at Jones Brothers and this disturber is no longer at work at Jones Brothers.'' On defendant's counsel asking for an exception to the continuing of this line of argument the court, addressing counsel, said: ''I think your argument is pretty doubtful on that point * * *. There is a good deal of question whether you ought to go to the jury on the question as to whether the defendant stayed or went away from the Jones Company, and I think I will say in that regard that your argument better not be regarded by the jury. I don't think it will help them any.'' To this plaintiff's counsel replied: ''If the court thinks it is improper I will withdraw it.'' Defendant's counsel asked that so far as the matter had gone they have what benefit there was to the exception and the incident was closed by an exception being noted for the defendant.

It will be observed that the exception of which counsel asked to be saved the benefit, was the exception first noted and that the later objection was made to the continuing of that line of argument. The court on reflection in effect sustained this objection and apparently allowed the last exception to save to the defendant the benefit of the first. What plaintiff's counsel said in continuing the argument was in substance a repetition of what he had already said and, it is agreed, was entirely within the evidence. The fault with it was what defendant's counsel indicated, *viz.*, its probable use as the basis of an inference that the defendant had been discharged by his employers because of what had happened. But the argument had not gone so far as to ask the jury to draw that inference. Defendant's counsel availed himself of the opportunity to suggest to the jury that the defendant had left voluntarily and gone to farming a long time after the affair occurred. It clearly would have been error to have permitted plaintiff's counsel to argue the inference forecast by his argument so far as it had proceeded; and the situation as it had developed would better have been dealt with more vigorously by the court. But we are unable to say that defend-

ant's rights were injuriously affected in view of all that transpired.

In their argument in support of this exception defendant's counsel contrast the argument challenged here with that on which the case was reversed at the former hearing. But the situation is not at all alike. The question when error in argument requires a reversal is so affected by the attending circumstances that there is little profit in comparing one case with another; however, we note some of the points of difference. There, the error was in challenging plaintiff to a test of weight after the evidence was closed and when he was not in a position to accept the challenge, if he had so desired. The court granted an exception without comment, thus impliedly approving the challenge. There was nothing by way of withdrawal. Here, the discussion related to facts which appeared in evidence. At most there was only a suggestion of an improper inference. The jury must have understood from what the court finally said that the argument was regarded as improper; hence, counsel's qualified withdrawal tended to correct the error. It should be remembered that the effect of error when found is not the same under the present practice as it was formerly. Then, the rule was that a reversal followed unless it clearly appeared that the error was harmless. See *Wilson* v. *Blake*, 53 Vt. 305; *Johnson* v. *Cate*, 75 Vt. 100, 53 Atl. 329. Now, the error works a reversal only when the record satisfies the Court that the rights of the parties have been injuriously affected thereby. Supreme Court Rule 7. The former hearing in this Court was on a record made up before this rule became effective. It not being made to appear that there was prejudicial error in the argument, the exception is not sustained.

The defendant excepted to the court's use of the expression "actual assault" in charging the jury on the matter of self defence. It was said as a ground of the exception that the jury would take the expression in its common use as amounting to a battery and construe the charge as meaning that the plaintiff must have committed a battery upon the defendant before the latter could use force in defence. The court first carefully instructed the jury as to the distinction between an assault and a battery, correctly defining the former and applying the term "assault and battery" to the latter. The charge then proceeded: "Now the question here is whether at the time this blow was

struck (referring to the blow defendant admitted having struck the· plaintiff) * * * an assault was being made upon the defendant; whether the plaintiff here was so related to the defendant there at that time and place that an assault was being made upon the defendant here by the plaintiff, the plaintiff standing in such a relation to the defendant, his body so situated, his arms or hands so situated, and his general attitude and appearance being such that at the time the blow was struck and the injury done, there was an actual assault being committed on the part of the plaintiff here toward the defendant. Now was there such an assault being committed at that time and place? * * * If you should find on the evidence there was not such·an assault being committed then it would be your duty to find for the plaintiff to recover, because the defendant has no claim here that he is right in this matter except upon the theory of this assault.'' Then follow further instructions as to the right of self defence, if the jury found that there was an actual assault committed by the plaintiff, concluding as follows: ''Now assuming that the plaintiff here did make an assault such as defendant here claims he did make, * * * did it appear to the defendant at the time, under whatever circumstances, that unless he struck this plaintiff he was in danger of receiving great bodily harm at his hands? If that is so, then he had a right to protect himself and to act seasonably * * * in order to make his defence effectual; he was not bound to wait until an assault had actually been made upon him before he undertook to protect himself. * * * You will keep the principles in mind if you find the plaintiff here actually made an assault upon the defendant here at the time of the injury complained of.''

The use of the term ''actual assault,'' as well as the expression ''an assault had actually been made,'' was not accurate and standing alone might tend to confuse the jury, the former to the prejudice of the defendant and the latter to his advantage. But considering the charge as a whole we do not think the jury was likely to be misled thereby. There was no evidence that the plaintiff struck the defendant. Defendant's testimony was that the plaintiff approached him in a threatening manner and that, anticipating a blow, he struck the plaintiff without being struck himself. So, when the court said near the close of the charge on this subject, ''assuming that the plaintiff here did make an assault *such as the defendant here claims*'', it would correct any

impression that the jury might have gained that the defendant could not strike in self defence until he was himself struck. Any possible doubt remaining would have been removed when, among the last things the court said upon the subject, was the instruction that the defendant was not bound "to wait until an assault had actually been made upon him," before having a right to protect himself. This exception is not sustained.

The defendant excepted to what the court said about the issue being the same in a civil and criminal case and as to the effect of the plea of guilty in the city court. The court explained to the jury the use they could make of the record against the defendant in the city court in a manner not excepted to. The only complaint made is that the jury was told that the law in the two cases was alike except as to the burden of proof, but that the issue was the same. It is argued that the plea was not necessarily an admission of a battery or an assault upon the plaintiff but was only an admission by the defendant that he had broken the peace, which could have been done in several ways without doing that which would sustain this action.

Doubtless a state of facts could exist where the charge would be erroneous in the matter complained of, but it does not follow that it is so here. It fairly appears that the complaint to which the defendant pleaded guilty included among other things the charge of a breach of the peace by assaulting and beating the plaintiff on the occasion in question. The defendant made no claim that his plea related to any other matter, if, indeed, he could have been heard to contradict the record that he pleaded guilty to the whole charge. No claim was made at any stage of the trial that both proceedings did not relate to the same transaction, and the evidence certainly tended to show their identity. The charge in the particular complained of was not inappropriate to the case made in the evidence and the exception is without merit.

*Judgment affirmed.*