EMIL WITTIG *v.* GEORGE BURNAP.

January Term, 1926.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed February 3, 1926.

*Trial—Requisites to Show Error in Exclusion of Collateral Matter—Assault and Battery—Relevancy—Argument of Counsel.*

1. Party claiming error in exclusion of certain evidence relating to purely collateral matters must show their legal relevancy.

2. In action of tort for assault and battery, by commission of unnatural sexual act by defendant upon plaintiff with force and against plaintiff's will, evidence of certain conversations by defendant with others, offered by plaintiff to show friendly relations existing between him and defendant, *held* properly excluded, where no attempt was made to show how such conversations were relevant to any fact in issue.

3. In such action, argument of defendant's counsel that plaintiff had right to kill defendant if he thought defendant was attempting

to commit offense claimed, although erroneous, *held* harmless, where, after objection and exception, defendant's counsel stated correct rule respecting self-defense, and where it did not appear that subject was not correctly and adequately treated in court's charge in manner satisfactory to plaintiff.

ACTION OF TORT for assault and battery. Plea, not guilty. Trial by jury at the June Term, 1925, Bennington County, *Thompson,* J., presiding. Verdict and judgment for defendant. The plaintiff excepted. The opinion states the case. *Affirmed.*

*Reuben Levin* for the plaintiff.

*William J. Meagher* and *Frank C. Archibald* for the defendant.

TAYLOR, J. The action is tort alleging assault and battery and false imprisonment. The trial was by jury, and there was a verdict and judgment for the defendant. Plaintiff saved certain exceptions to the exclusion of offered evidence and other exceptions to statements made by defendant's counsel in argument to the jury. These are the only questions brought up for review.

The evidence was confined to the charge of assault and battery. The wrong complained of consisted of an unnatural sexual act, alleged to have been committed by the defendant upon the plaintiff, with force and against his will. Plaintiff's evidence tended to support the charge, which was emphatically denied by the defendant. During the direct examination of the plaintiff as a witness in his own behalf, an offer of certain detailed conversations between the plaintiff and defendant, unrelated to the matter in issue, was made and excluded. The evidence was offered in the way of inducement, in view of the character and nature of the assault, as showing how plaintiff became on friendly terms with the defendant. Later, during the direct examination of a witness with whom plaintiff boarded, an offer of a conversation between the witness and defendant respecting the plaintiff, likewise unrelated to the matter in issue, was made and excluded. This evidence was offered in effect to show the friendly relations existing between the plaintiff and defendant. The exceptions saved to the exclusion of these offers raise the same question.

[1, 2]   The exceptions are meagerly, if not inadequately, briefed.   It is not attempted to show how the offered conversations were relevant to any fact in issue.   As they related to purely collateral matters, it was incumbent upon the plaintiff to show their legal relevancy.   *Dalpe* v. *Bissette et al.*, 99 Vt. 179, 130 Atl. 591, and cases cited.   Tested by the rule there stated, it is clear that the exclusion of the offers was not legal error.

[3]   We quote in full what the record shows respecting the exceptions to the argument of counsel.   He said in course of his address to the jury:   "Now what did this man the plaintiff do—and he had a right to kill this defendant if he thought he was attempting any such thing."   The objection being interposed that the plaintiff did not have that right in such circumstances, counsel continued:   "I don't know, when you go to commit that crime upon me, but what I have a right to, if I have any fear that it is going to be accomplished."   The court allowed plaintiff "an exception to that argument."   Thereupon counsel added:   "Well, a man has the right to use all the force that is necessary to protect his life when that assault is attempted upon him," to which plaintiff was allowed a further exception.

It must be admitted that what counsel said at the outset was a misstatement of the rule defining the right to take the life of an assailant in self-defense; but it is not claimed that the final statement did not embody the substance of the correct rule.   The shortage in plaintiff's claim is that the record fails to show that the error injuriously affected his rights.   Not only did the final statement tend to correct the error, but as the language complained of related to a mere question of law, it was a matter for the court to deal with in its instructions to the jury.   It does not appear affirmatively that the subject was not correctly and adequately treated in the charge, which was apparently satisfactory to the plaintiff.   It follows that the exceptions to the argument do not show reversible error.

*Judgment affirmed.*