## WILLIAM RULE *v.* WILBUR O. JOHNSON.

May Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ.

Opinion filed October 18, 1932.

*Raymond Trainor* and *Roland E. Stevens* for the defendant.

*Loren R. Pierce* and *Searles & Graves* for the plaintiff.

MOULTON, J. This is an action in tort, in which the plaintiff seeks to recover damages for personal injuries sustained by him

in an automobile accident caused by the alleged negligence of the defendant in so operating his car that it collided with the Ford truck driven by the plaintiff, from the rear, forcing the truck over an embankment. The verdict was for the plaintiff, and the case is before us on the defendant's exceptions.

 In his argument to the jury, counsel for the plaintiff, after referring to the testimony that, after the accident, the defendant did not go to the plaintiff's car, or offer any assistance to the occupants, said: "Is it possible that any man could be of that character?" An exception was taken, and counsel withdrew the argument and asked the jury not to consider it. The court then said that the defendant's conduct following the accident had no bearing on the question of liability or damages, and would not be so considered by the jury, but that it did bear upon the defendant's presence and opportunity for observation and was to be so considered. The jury were warned not to be misled in the matter. Assuming that the argument was improper, the withdrawal and the subsequent remarks of the court effectively cured whatever error there may have been. *Woodhouse* v. *Woodhouse,* 99 Vt. 91, 144, 130 Atl. 758; *Fadden* v. *McKinney,* 87 Vt. 316, 326, 89 Atl. 351; *Herrick* v. *Town of Holland,* 83 Vt. 502, 513, 77 Atl. 6. Prejudice does not appear and so the exception is unavailing. *Wittig* v. *Burnap,* 99 Vt. 340, 342, 132 Atl. 39; *Russ* v. *Good,* 92 Vt. 202, 205-207, 102 Atl. 481.

A regulation promulgated by the commissioner of motor vehicles (Par. 1, effective Jan. 1, 1926) under the authority of Sec. 7, No. 70, Acts 1925, as amended by No. 69, Acts 1927 and in force at the time of the accident is, so far as material, as follows: "A person shall not operate or attempt to operate a motor vehicle when more than two persons, including such operator, are occupying the front or driving seat, or are in the front or driving compartment of such motor vehicle * * * except that three adult persons may occupy such driving seat, provided the cushion thereof is more than forty-four inches in length, and provided further that the operator is in no wise hindered in the safe operation of such motor vehicle * * *" It appeared that, at the time, two well grown boys, who seem to have been regarded by everyone as of adult size, were riding with the plaintiff on the driving seat of the truck and that the cushion was less than forty-four inches in length.

■ The defendant has briefed an exception to the charge, alleging that it was left to the jury to find whether there were three persons on the seat of the truck, and whether the seat was forty-four inches wide. But after this exception had been taken, a supplemental charge was given in which it was pointed out that it was admitted that there were three occupants of the seat, and that there was no evidence that it was of the required width. No further exception was taken, and the shortage in the original charge, if there was any, was cured by the subsequent instruction. *White's Admx.* v. *Central Vermont Ry. Co.,* 87 Vt. 330, 352, 89 Atl. 618; *Bonazzi* v. *Fortney,* 94 Vt. 263, 270, 110 Atl. 439.

■ A claim is made in the defendant's reply brief to the effect that the supplemental charge was not sufficient, because the presiding judge spoke of the seat, and not of the cushion. It is very clear that this is an afterthought. As we have seen, no exception was taken to the supplemental instruction, and, if counsel had considered the matter to be material, the attention of the court should have been drawn to it, and an opportunity given to correct the use of the word. See *Kiley* v. *Rutland R. R. Co.,* 80 Vt. 536, 550, 68 Atl. 713, 13 Ann. Cas. 269; *Dailey* v. *Bond,* 94 Vt. 303, 304, 111 Atl. 394. The exception taken to the original charge was that the jury was permitted to find the width of the *seat,* and in the opening brief of the defendant, it is argued that this was error because the evidence conclusively showed that the *seat* was less forty-four inches wide. The claim that the charge should have referred to the length of the cushion and not that of the seat appears only in the reply brief, filed after the conclusion of the argument. Not having been made below, it is not for consideration here. *Temple* v. *Atwood,* 100 Vt. 371, 372, 137 Atl. 321, and cases cited.

■ Another exception to the charge is on the ground that the jury was permitted to infer that, if there were three persons on the seat but that the driver was not thereby hindered in the safe operation of the truck, there would be no violation of the regulation. Since this exception is not briefed, it is waived. *Gray* v. *Brattleboro Trust Co.,* 97 Vt. 270, 274, 122 Atl. 670; *Wood* v. *James,* 93 Vt. 36, 43, 106 Atl. 566. Furthermore, an examination of the charge, taken as a whole, fails to give foundation for this criticism.

The defendant moved for a directed verdict; the motion was denied and an exception taken. It is claimed that the plaintiff was contributorily negligent, as a matter of law, because the uncontradicted evidence showed that three people were riding upon the seat of the truck driven by the plaintiff, and that the seat was less than forty-four inches.

 The violation of a safety statute, or regulation of that nature, having the force of law, makes a *prima facie* case of negligence, and gives rise to a rebuttable presumption of negligence, which may be overcome by proof of the attending circumstances. *Landry* v. *Hubert,* 101 Vt. 111, 113, 141 Atl. 593, 63 A. L. R. 396. It is necessary, also, that in order to constitute actionable negligence, the violation must form a proximate cause of the accident. *Hatch* v. *Daniels,* 96 Vt. 89, 92, 117 Atl. 105. The evidence introduced by the plaintiff tended to show that the seat was not crowded and that he was not hindered in the operation of the truck by the presence of the other two persons. In this situation it was for the jury to say whether the presumption of negligence had been rebutted, and whether the violation of the regulation was a proximate cause, so as to charge the plaintiff with contributory negligence, and so bar his recovery.

In his reply brief, the defendant urges that since the evidence showed that the truck proceeded in the highway for some distance after the impact before it went over the embankment, the plaintiff must have lost control of it, or have been unable to apply the brakes and bring it to a stop, by reason of the presence of the three persons on the seat, or by his own negligence. But it cannot be said that this is as conclusive as the defendant claims. The question whether the accident was caused by the collision, or by some act or omission of the plaintiff, after it had taken place and before the truck left the road was, on the evidence, for the jury.

 The verdict was for $14,000. The defendant seasonably moved to set it aside, the motion was overruled and an exception was taken. Three grounds for the motion are briefed: (1) That the verdict is excessive; (2) that it is the result of passion or prejudice and a disregard of the evidence by the jury; (3) that it is against the weight of the evidence.

Upon each of these grounds the motion was directed to the discretion of the trial court, and its ruling is not to be revised

unless it is made to appear that the court failed or refused to exercise its discretion or abused it. As to the first and third grounds, see *Lincoln* v. *Central Vermont Ry. Co.,* 82 Vt. 187, 196, 72 Atl. 821, 137 A. S. R. 998, and cases cited; *Raymond* v. *Sheldon Estate,* 92 Vt. 396, 400, 104 Atl. 106; *Dyer* v. *Lalor,* 94 Vt. 103, 114, 109 Atl. 30; *Platt, Admx.* v. *Shields & Conant,* 96 Vt. 257, 269, 270, 119 Atl. 520; *Wellman, Admr.* v. *Wales,* 97 Vt. 245, 249, 122 Atl. 659; *Jacobs* v. *Loyal Protective Ins. Co.,* 97 Vt. 516, 527, 124 Atl. 848; *Sharby* v. *Town of Fletcher,* 98 Vt. 281, 127 Atl. 300. As to the second ground, see *Dyer* v. *Lalor, supra; Woodhouse* v. *Woodhouse, supra,* 99 Vt. at page 153, 130 Atl. 758. There are, of course, occasional cases where it is clear that the jury has gone astray, and has been influenced by passion or prejudice, or has taken a mistaken view of the merits of the controversy, and in such a situation it is the duty of the trial court, upon proper motion to set aside the verdict and to refuse to do so will constitute an abuse of discretion. *Smith* v. *Martin,* 93 Vt. 111, 122, 106 Atl. 666; *French* v. *Wheldon,* 91 Vt. 64, 69, 99 Atl. 232. But the question is not whether we should have awarded the amount of damages given by the verdict, had we been sitting as triers of the fact, but whether, on the evidence the jury could reasonably have done so. The verdict has received the express approval of the trial court, and this circumstance inclines the appellate court strongly in its favor. *Platt, Admx.* v. *Shields & Conant, supra.* The trial court is in a better position to determine the question so that its determination should ordinarily be accepted. *Woodhouse* v. *Woodhouse, supra,* 99 Vt. at page 153, 130 Atl. 758; *Dyer* v. *Lalor, supra,* 94 Vt. at page 116, 109 Atl. 30.

The tendency of the evidence introduced by the plaintiff was to show the following injuries. He was, at the time of the accident, fifty-one years of age, and was employed as a clerk in a grocery store. He had previously been in good health. For nearly a week after the accident he was unconscious practically all of the time. He was taken to the hospital in this condition, bleeding profusely from the nose and mouth. His right arm was broken and his left arm sprained. His nose was broken and one nostril has become partly closed by the broken bone. His upper jaw was fractured, and also the floor of the orbit of his left eye, the fracture extending back as far as the auditory

passage, and to the canal in which is located the sensory nerves to the cheek. The floor of the orbit is not in apposition, the outer surface being $\frac{1}{32}$ of an inch higher than the inner. A bony callous has formed which presses upon the nerves causing constant pain and this callous will probably become more exaggerated as time goes on and the pain will continue, for which there can be nothing more than temporary relief. There is a slight paralysis of the left side of the face which involves the lower eyelid, and this condition will probably get worse. The plaintiff's teeth have become loose, and do not shut together, within $\frac{1}{32}$ of an inch. While at the hospital and for some time after leaving it he was compelled to wear a false plate, fitted to his mouth, to hold the fractured jaw in place, which was secured by wires coming out each side of the mouth and by straps over the head and back of the neck. He suffered also from erysipelas. The fracture involved practically all the sinuses of his face and nose, rendering him more liable to sinus infection, which, if it shall occur, will increase the seriousness of his condition. His heart was displaced to a position approximately two inches below, and one and one-half inches to the left of its normal situation. It can never become normal, and active exercise or exertion or the lifting of a weight of more than twenty to twenty-five pounds may result in instant death. The plaintiff suffered constant pain in his face, heart, and bowels, was in an extremely nervous condition, and was unable to do more than a quarter as much work as he had been accustomed to do. His disability was 70% of normal, and the probability is that such disability will become greater in the future. He was at the hospital for two weeks and his expenditures amounted to $381.50.

The defendant calls our special attention to the displacement of the heart, and claims that the evidence fails to show an injury attributable to the accident. There was evidence to the effect that if this condition had existed previously in the plaintiff's life, he would have had a good deal of trouble, and nothing of this sort had been experienced by him. A displacement of the heart may result from a traumatic injury, such as a blow, or a severe doubling up of the body, as well as from disease. The plaintiff's body, it is true, bore no marks of a blow, and there appeared no sprains in his legs or body, and he did not

immediately complain of pain in his heart, as the evidence tended to show would be the case if the displacement were due to the injury. But the defendant, in his brief, admits that, if the condition of the heart is due to disease existing before the accident, it was probably aggravated by it.

A comparison is attempted by both parties between this and other recorded verdicts for the purpose of showing excessiveness on one hand, and lack of excessiveness on the other. Each case, however, must stand upon its own foundation. *Woodhouse* v. *Woodhouse, supra,* 99 Vt. at page 154, 130 Atl. 758. In view of all the evidence bearing upon the question of damages, we are not satisfied with the requisite degree of certainty that the trial court abused its discretion in denying the motion to set aside upon this ground. *Woodhouse* v. *Woodhouse, supra,* 99 Vt. at page 161, 130 Atl. 758.

 The court stated that it found that the jury was not influenced by passion, prejudice, or any improper motive. Nothing appears in the record to show the lack of a reasonable basis for this finding. The size of the verdict alone, even if it were excessive, does not necessarily show such an impropriety. *Woodhouse* v. *Woodhouse, supra,* 99 Vt. at page 153, 130 Atl. 758. No other reason is urged by the defendant. The motion was properly overruled upon this ground.

What we have said applies also to the ground that the verdict was against the weight of the evidence. The evidence made a jury question both as to liability and as to damages. The weight of it was for the jury to decide. *Smith* v. *Martin, supra.* No abuse of discretion appears here.

All the questions briefed have been considered.

*Judgment affirmed.*