MAVIS FRENCH, BY NEXT FRIEND, *v.* THEODORE NELSON.

November Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 7, 1941.

*Carver and Lawson* for the defendant.

*C. O. Granai* for the plaintiff.

MOULTON, C. J. The plaintiff, a girl of seventeen years of age, was walking home from school after dark on a February afternoon, along with one of her classmates, Raymond Blackburn. There had been a snow storm and the highway had been cleared, leaving a snowbank on each side. The paved portion of the road was partly covered with snow but was bare at the center; the shoulders, some two and one half to three feet wide, were covered with about an inch of snow. The plaintiff and her companion were, according to their testimony, walking in single file a very short distance apart, on the right hand shoulder and close to the snow bank. The defendant who was driving an automobile in the same direction struck them from behind, causing the injuries to the plaintiff for which she seeks recovery. In the court below the verdict was in her favor, and the cause is here upon the defendant's exceptions.

The first exception briefed is to a remark made by the plaintiff's counsel during argument. A young man named Car-

menetti, who was riding on the front seat of the defendant's automobile, testified that there was frost on the windshield in front of him, but that there was a clear spot, four or five inches in diameter, through which he could see ahead. Asked about the windshield in front of the defendant, he said that there was a space about as big as would be made by a windshield wiper in action, through which a view could be had. In commenting upon this evidence counsel said that there was "no more vision for the driver than there was for the boy (Carmenetti)." Exception was taken on the ground that this statement was not in accordance with the testimony. However, counsel then stated what Carmenetti had said concerning the windshield in front of the driver, and proceeded to argue the credibility of the witness, and what he claimed could be deduced from his testimony. In order to sustain an exception to a mistatement in argument it must be made to appear that the excepting party has been harmed by it. *Russ* v. *Good,* 92 Vt. 202, 207, 102 Atl. 481; *Button* v. *Knight,* 95 Vt. 381, 386, 115 Atl. 499. And where, as here, after objection the testimony is at once correctly stated it cannot be supposed that prejudice has resulted, and no reversible error is shown. *Landry* v. *Hubert,* 100 Vt. 268, 278, 137 Atl. 97; and see *Wittig* v. *Burnap,* 99 Vt. 340, 342, 132 Atl. 39; *Laferriere* v. *Gray,* 104 Vt. 366, 370, 160 Atl. 270; *Carleton* v. *Fairbanks & Co.* 88 Vt. 537, 554, 93 Atl. 293.

The defendant excepted to the failure of the court to instruct the jury with respect to the sudden emergency doctrine, which he claimed was applicable to his conduct under the circumstances disclosed by the evidence. This exception was taken at the conclusion of the charge; no request to give the instruction had previously been made, and the record fails to disclose that it had been made an issue during the trial or had been presented to the jury in argument. Considering the exception to be in substance a request to charge, it came too late, and there was no error in the refusal to comply with it. *Northern Trust Co.* v. *Perry,* 104 Vt. 44, 49, 156 Atl. 906; *Russ* v. *Good,* 90 Vt. 236, 241, 97 Atl. 987; *Clark* v. *Tudhope et al.,* 89 Vt. 246, 250, 95 Atl. 489. Nothing further appearing, it will be taken that the refusal was because the request was not made according to County Court rule 31, and while the trial court might, in its discretion, waive the rule and consider the request although made out of time,

390

there is nothing before us to show that that was done in this case. *Fadden* v. *McKinney et al.*, 87 Vt. 316, 329, 330, 89 Atl. 351.

■ Moreover, the charge though seasonably requested, would have been inappropriate. *Russ* v. *Good, supra.* It appeared that the road was straight for a distance of 500 to 600 feet before the place of the accident, fairly level and covered with a thin coating of hard packed snow, although nearly or quite bare in the middle where the left hand wheels of the defendant's car were running. A light wind was blowing the snow around. The defendant was driving at a rate variously given at from 25 to 35 miles an hour. The lamps of the automobile were on full beam, in good condition and threw light straight ahead on the road. There were two street lamps in front of him which, he said, "sort of neutralized" the light from his own lamps which did not shine beyond them. But although he could not see through this neutralizing light he continued at the same rate of speed, and did not sound his horn. He was familiar with the road and knew that people were accustomed to walk along it. At a point approximately 50 feet before the place of the accident he was temporarily blinded by the lights of a car coming in the opposite direction, and, when it had passed, he saw the plaintiff and her companion for the first time, about three feet in front of him. He testified that they seemed to be walking side by side, and in the road about nine feet from the right hand snow bank. He turned to the left and applied his brakes, the wheels locked, and the car skidded first to the left, then to the right and straight ahead, coming to rest with the right front fender in the right hand snow bank. Raymond Blackburn was struck in the back and carried along on the right front fender for a distance which the defendant estimated at eighteen to twenty feet, and a police officer who made immediate investigation and measurements put at twenty paces or about 60 feet. The car came to a stop at a point 53 feet beyond the spot where the boy lay when he fell from the car. The fender was dented and the right head lamp was bent back in its bracket and the lens broken. The plaintiff, who weighed 198 pounds, was struck by the fender and running board and thrown into the snow to the right of the road. When the lights of the approaching car shown in his eyes the defendant did not apply his brakes, but merely stopped sup-

plying gasoline to the engine, which reduced his speed somewhat. At that time, he said, he was proceeding at 24 or 25 miles an hour. He had trouble with his eyes, which gave him difficulty in driving at night. No claim is made that the plaintiff suddenly stepped out into the travelled roadway in front of his car.

When one is confronted with a sudden peril he is not held to the exercise of the same degree of care as when he has time for reflection, for the law recognizes that a prudent man, so brought face to face with an unexpected danger, may fail to use the best judgment, may omit some precaution he could have taken or may not choose the best available method of meeting the dangers of the situation. *Hatch* v. *Daniels,* 96 Vt. 89, 94, 95, 117 Atl. 105; *Bennett* v. *Robertson,* 107 Vt., 202, 214, 215, 177 Atl. 625, 98 A. L. R. 152. But this rule cannot be invoked in favor of one who has placed himself in such a position of danger through his own lack of care and the emergency which requires him to act must not have been brought about in whole or in part by his own fault. *Landry* v. *Hubert,* 100 Vt. 268, 281, 137 Atl. 97; *Beatty* v. *Dunn et al.,* 103 Vt. 340, 343, 154 Atl. 770; *Healy, Admr.* v. *Moore,* 108 Vt. 324, 339, 187 Atl. 679.

We have held that one who drives an automobile along a public highway in the dark must do so at such a speed that it can be stopped within the distance that can be seen ahead of it, and where he is temporarily blinded by the lights of an approaching car it is his duty either to stop until his vision is restored, or reduce his speed and have his car under such control that he can stop immediately if necessary. *Steele* v. *Fuller,* 104 Vt. 303, 309, 311, 158 Atl. 666.

The same principle applies when the driver's vision is obscured by smoke or fog (*Palmer* v. *Marceille et al.,* 106 Vt. 500, 508, 175 Atl. 31; *Powers* v. *Lackey,* 109 Vt. 505, 507, 1 Atl. 2d. 693) and where the road ahead cannot be seen to be clear of approaching traffic. *Luce* v. *Chandler,* 109 Vt. 275, 282, 195 Atl. 246. While this rule is not hard and fast, to be invariably applied in all circumstances (*Chaffee* v. *Duclos,* 105 Vt. 384, 386, 166 Atl. 2; *Palmer* v. *Marceille et al., supra*) nothing is shown to take the present case out of its operation.

In dealing with the events which lead up to the accident our attention is not confined to what happened during the extremely brief period of time that elapsed after the lights of

the approaching car blinded the defendant's eyes. It may be conceded that after he saw the plaintiff, he did all that could be done to avoid striking her, but it was then too late. However, before meeting the other car, he could not see beyond the street lights, and yet, knowing this, he did not slacken speed, or give warning of his coming. The force of the impact, as shown by the distance the boy was carried on the fender; the distance the car proceeded after the brakes had been applied before it came to a stop; the projection of the plaintiff, a heavily built girl, into the snowbank; and the injuries to the fender and headlight, all of which tended to show the speed of the automobile, (*Healy, Admr.* v. *Moore,* 108 Vt. 324, 339, 187 Atl. 679) together with the other circumstances disclosed by the evidence, make clearly apparent the absence of that degree of speed and control required by the operator of a motor vehicle when the view of the road is not clear. Thus the emergency was due to the defendant's own breach of duty.

The court instructed the jury that in order to recover it was necessary for the plaintiff to prove that her injury was caused by the negligence of the defendant, and without negligence on her part; that a pedestrian and the operator of an automobile have equal rights upon a highway; that both the plaintiff and the defendant were legally upon the highway; that the plaintiff in exercising her right to be on the highway must use the care and caution of a prudent person in like circumstances, and that she had a right to assume that the defendant would obey the law and would drive his car as a careful and prudent person so as not to inflict injury upon her.

No exception was taken to this charge as made, but the defendant excepted to the failure further to instruct concerning the duties of pedestrians travelling on the right hand side of the road; that it was their duty not merely to walk along but to be on the lookout for automobiles that might be coming in the same direction; and that the jury should consider what evidence there was, if any, as to what the plaintiff did for her own safety.

It is argued that, according to the uncontroverted evidence, the plaintiff did nothing to protect herself. But as we have seen, her testimony was to the effect that she was not walking on the travelled part of the highway, but in the snow on the shoulder, which was nearly three feet wide, close to the snow

bank. It appeared that the right hand lane of the road was nine feet wide. There was evidence therefore tending to show that she was in a place of safety, and that an automobile, coming from behind her, would pass her without injury. While the instruction given might well have been more elaborate than it was we are not prepared to say that there was prejudicial error in the failure to make it as specific as the defendant desired.

 The argument that the court, in speaking of her duty to use care, did not use the term "contributory negligence" would not be worthy of serious consideration, under the circumstances, even if it had been made a ground of exception, which it was not. Although the court was bound, without request, to charge upon all the essential elements of the case, it was not bound to make every conceivable comment on the evidence and the weight of it. *Andrews* v. *Aldrich,* 104 Vt. 235, 239, 158 Atl. 676; *State* v. *Fairbanks,* 101 Vt. 30, 40, 139 Atl. 918; *Ryder* v. *Last Block Co.,* 91 Vt. 158, 167, 99 Atl. 733. The exception is not sustained.

*Judgment affirmed.*