MABEL A. DAWLEY'S ADMR. *v* HARLEY NELSON.

(63 A2d 866)

January Term, 1949.

Present: SHERBURNE, JEFFORDS and CLEARY, JJ., and ADAMS, Supr. J.

Opinion filed February 1, 1949.

462

*Bloomer & Bloomer* for the plaintiff.

*Raymond Trainor, Alban J. Parker* and *Palmer D. Ainsworth* for the defendant.

CLEARY, J. This is an action of tort for negligence brought by the administrator of the estate of Mabel A. Dawley, because of the latter's death from injuries sustained on October 31, 1944, when she came in contact with an automobile operated by the defendant. Trial was by jury with a verdict for the defendant. The plaintiff briefs several exceptions to the failure of the court to charge and to the overruling of his motion to set aside the verdict and for a new trial.

The accident happened at the intersection of Main and Depot Streets in the village of Ludlow, about 8:00 o'clock in the evening, while the plaintiff's intestate was crossing the street. There was a stoplight and a crosswalk with painted lines at the intersection. The evidence as to the spot where the accident happened was conflicting, that of the plaintiff tending to prove that the plaintiff's intestate was on the crosswalk and that of the defendant tending to prove that the plaintiff's intestate was a few feet south of the crosswalk. The plaintiff's declaration alleged that the defendant was negligent in failing to approach and enter the street intersection

slowly and with due care to avoid accident, in failing to keep a lookout for pedestrians and in failing to have his automobile under control.

The plaintiff duly excepted to the failure of the court to charge the jury relative to the rights of the pedestrian and the driver of an automobile at an intersection.

The court put these questions in its charge to the jury, "Was the defendant negligent in driving into that intersection, across the intersection and across the sidewalk? Did he keep a lookout for the people crossing? Did the defendant drive his car at excessive speed, or did he drive it against the light, or did he fail to keep a lookout for the other people using the crosswalk, or approximately the crosswalk on the occasion in question?" But the court gave the jurors no help to aid or guide them in answering the questions, other than the general instructions that a pedestrian and an automobile driver have equal and reciprocal rights in the use of the highway, that each is bound to exercise due care, the care that a prudent man would exercise in the same circumstances. This was not enough. The court, although not previously requested, was required to instruct the jury upon every essential part of the case and an exception to the failure to charge as to such matters is well taken. *Clark* v. *Demars,* 102 Vt 147, 151, 146 A 812; *Morse* v. *Ward,* 102 Vt 433, 436, 150 A 132; *Bennett* v. *Robertson,* 107 Vt 202, 211, 177 A 625, 98 ALR 152. See also *Estate of Delligan,* 111 Vt 227, 239, 13 A2d 282; *French* v. *Nelson,* 111 Vt 386, 393, 17 A2d 323; *Waterlund* v. *Billings et al.,* 112 Vt 256, 261, 23 A2d 540; *Mullet* v. *Milkey,* 113 Vt 42, 48, 29 A2d 806.

The jury should have been specifically instructed regarding the rights and duties not only of the defendant but also of the plaintiff's intestate as travelers on a highway and particularly with respect to a crosswalk at intersecting streets with a stop light. *Howley* v. *Kantor,* 105 Vt 128, 131, 163 A 628; *Egan* v. *Douglas,* 107 Vt 10, 15, 16, 17, 175 A 222; *Duchaine* v. *Ray,* 110 Vt 313, 319, 6 A2d 28; *Colburn* v. *Frost,* 111 Vt 17, 21, 22, 23, 9 A2d 104; *Izor* v. *Brigham,* 111 Vt 438, 443, 17 A2d 236; *McKirryher* v. *Yager,* 112 Vt 336, 343, 344, 24 A2d 331.

The plaintiff also excepted to the Court's charge and the failure of the Court to charge with reference to brakes. The plaintiff's evidence tended to prove that the defendant drove through the intersection with the stoplight showing red against him at a

speed of twenty-five to thirty miles an hour; the defendant's evidence tended to prove that he stopped for the light, waited until it turned green in his favor, proceeded in low gear at two miles per hour, and, to avoid the accident, applied his hydraulic foot brake with such force that the rubber in the cylinder was punctured, letting the fluid by and therefore the brake was of no use or effect. The court's charge regarding brakes was as follows: "If you find the facts to be as claimed by the defendant here with regard to his automobile, and that that was the proximate cause of the accident, and if you find that the defendant had no knowledge of any defect which developed in the braking system of his car, before and up to the time of the accident, and the failure of the brakes was a proximate cause of the accident, then your verdict must be for the defedant because the law does not make one liable in negligence when the act complained of arose by reason of a latent or hidden defect in an instrumentality which caused damage."

█ If the jury believed the plaintiff's evidence, they could have found either that the speed of the defendant's car or his failure to stop at the intersection was the efficient and continuing cause of the accident. *Johnson* v. *Cone et al,* 112 Vt 459, 464, 28 A2d 384; *Bennett* v. *Robertson,* 107 Vt 202, 209, 177 A 625, 98 ALR 152; *Beatty* v. *Dunn,* 103 Vt 340, 343, 154 A 770. In that event the failure of the defendant's brakes would not relieve him from liability because the emergency would have been caused by his own negligence. *French* v. *Nelson,* 111 Vt 386, 391, 17 A2d 323, and cases there cited.

█ The plaintiff also excepted to the failure of the court to charge that one of the tests of negligence is the failure of a driver of an automobile to stop quickly and easily and to have his car under control at all times and the fact that he didn't stop quickly and easily would be evidence of negligence for consideration by a jury. The failure of the defendant to have his car under control was an issue in the case. If the plaintiff's evidence was believed the jury would have been warranted in inferring that the car was running too fast or that proper effort to control it was not made. *Reid* v. *Abbiatti,* 113 Vt 233, 238, 32 A2d 133; *Standard Oil Co.* v. *Flint,* 108 Vt 157, 160, 183 A 336; *Williamson* v. *Clark,* 103 Vt 288, 292, 153 A 448.

The failure of the court to charge in each of these respects was reversible error and the exceptions must be sustained.

The plaintiff's last exception to the charge is to the court's failure to charge the jury that they should find that a reasonably prudent man traveling at the rate he claimed, could have either stopped with his emergency brake or avoided the pedestrians on the cross walk in some other way. This exception assumes the defendant was negligent as a matter of law but in his brief the plaintiff admits it was a question for the jury so we need not give it further consideration.

The only other exception was to the overruling of plaintiff's motion to set aside the verdict and grant a new trial. As the case must be sent back for a new trial for the reasons heretofore stated it is unnecessary to pass upon this exception.

*Judgment reversed and cause remanded.*