.HARVEY S. BISHOP *v.* ALDEN J. RANNEY.

*Master and Servant.    Assault.    Threats.    Excuse for Leaving Master's Employment.*

1. An assault without a battery may or may not be a sufficient justification for a servant in leaving his master's employment before the expiration of the term of his service; but when a master, without any provocation, commits an assault upon his servant, and thereby causes him to fear injury, it is a good excuse for leaving.

2. Following an angry controversy, a threatening movement in close proximity, accompanied by violent language in the nature of a threat, and by a much larger and more powerful man, causing one to fear injury, constitutes an assault.

ASSUMPSIT to recover for work and labor. Plea in offset. Heard on a referee's report, December Term, 1885, Ross, J., presiding. Judgment for the plaintiff.

The referee found ·in part:

" On the 25th of April defendant and plaintiff were at work together in the mill-yard. Defendant sent his boy up to Mr. Colby's· to get him to come down. The boy came back, not finding Mr. Colby at home. Defendant sent him back, saying ·Mr. Colby would be at home by the time he got there. The boy went. Soon the plaintiff and defendant went to supper. While at the table defendant .expressed surprise that his boy did not return. Plaintiff said Mr. Colby was at work for Mr. Dowd and not at home. Defendant said, ' Why· didn't you . tell me that before I sent him back.' Plaintiff replied, ' I did not know where you sent him.'. Defendant replied, ' You

did know it.' Plaintiff reiterated that he did not. Defendant rose from the table in a threatening manner, and said violently to plaintiff that he must not tell him he lied in his own house. Defendant's mother told him to sit down. Plaintiff made no reply, but after finishing his supper he told the defendant that he might find another man, as he should work no longer. The defendant is a much larger and more powerful man than the plaintiff. The plaintiff made no reply to defendant when he rose from the table because he feared violence. Plaintiff worked no more."

*Cahoon & Hoffman,* for the defendant.

The authorities cited by Wood on Master and Servant do not sustain him. *Matthewson* v. *Terry,* 10 Conn. 455, was a case for assault *and battery.* There was here no attempt to do harm, which was necessary to constitute an assault. 20 Am. Law Rev. 134. There is no finding that the defendant was so near that he was able to strike the plaintiff, or that he made any gesture or threat of violence. 2 Add. Torts, 787, citing *Cabbett* v. *Grey,* 4 Exch. 744. Fault finding and angry words on the part of an employer are not a sufficient excuse for the servant's leaving. *Forsyth* v. *Hastings,* 27 Vt. 646 ; *Marsh* v. *Rulleson,* 1 Wend. 514.

*J. P. Otis,* for the plaintiff.

The plaintiff was justified in leaving the defendant's employment before the expiration of the time of service contracted for. Here was an actual assault without provocation. Wood Mas. & Serv. p. 285 ; *Forsyth* v. *Hastings,* 27 Vt. 646 ; *Patterson* v. *Gage,* 23 Vt. 558 ; *Matthewson* v. *Terry,* 10 Conn. 455.

The opinion of the court was delivered by

VEAZEY, J. The case involves the question whether the report shows that the plaintiff was justified in leaving the defendant's employment before the expiration of the term of service contracted for.

The plaintiff claims that the conduct of the defendant constitutes an assault, and therefore justified his leaving, although there was no battery.

In Greenl. Ev. vol. 2, sec. 82, an assault is defined to be an inchoate violence to the person of another, with the present means of carrying the intent into effect, and the author cites 1 Steph. N. P. 208; Finch's Law, 202. He further says: " Mere threats alone do not constitute the offense; there must be proof of violence actually offered," citing *Stephens* v. *Myers*, 4 C. & P. 349; *Tuberville* v. *Cavage*, 1 Mod. 3. And he further says: "The intention to do harm is of the essence of an assault." *Jones* v. *Wylie*, 1 C. & K. 257. In Addison on Torts the author says: " Every attempt, also, to offer with force and violence to do hurt to another constitutes an assault." And upon the authority of *Read* v. *Coker*, 13 C. B. 860, he further says: "And any gesture or threat of violence exhibiting an attention to assault, with the means of carrying that threat into effect, is an assault," unless immediate contact is impossible. *Cobbett* v. *Grey*, 4 Exch. 744. In *Clark* v. *Downing*, 55 Vt. 259, ROYCE, C. J., says: " If the party threatening the assault have the ability, means and apparent intention to carry his threat into execution, it may, in law, constitute an assault." Bishop says: " An assault is an unlawful physical force, partly or fully put in motion, which creates a reasonable apprehension of immediate physical injury to a human being." 2 Bish. on Cr. Law, vol. 2. sec. 32.

We think, in the light of these definitions and decisions, the plaintiff is correct in his claim that here was an assault. Following the angry controversy of words, was a threatening movement in close proximity, accompanied by violent language in the nature of a threat, and by a much larger and more powerful man than the plaintiff; and the demonstration caused the plaintiff to fear violence.

But we do not think that the plaintiff is sound in the conclusion of his proposition to the effect that an assault without a battery is in every case a sufficient excuse for a servant to leave the

employment of his master. The provocation of a servant might be such as to relieve an assault by the master, not followed by a battery, of all unjustifiable quality in its bearing on a contract of service. On the other hand, words alone, or conduct of a master, which would not technically constitute an assault, might justify the servant in leaving. We think that liability in an action of trespass for an assault is not the test of a servant's right to terminate the contract of service. Wood, in his work on Master and Servant, sec. 146, says: " Mere harsh language used to the servant (*Forsyth* v. *Hastings*, 27 Vt. 646), not calculated essentially to impair his reasonable comfort (*Gillis* v. *Space*, 63 Barb. (N. Y.) 177), is not a good ground for leaving the service; but if the master's language and conduct towards the servant are such as is unreasonable and prejudicial to the comfort or moral education of the servant, there can be no question but that it would afford a sufficient justification for the servant in putting an end to the contract."

In commenting on the circumstances bearing on the point of the reasonableness of the servant's excuse for leaving, he refers to the frequency of the cause, the provocation for the language or conduct, its effect upon the servant, his age, etc.

If what the plaintiff said was a mere pretense, a falsehood, and the defendant knew it, the conduct of the defendant was plainly not unreasonable, not a demonstration indicating a bad or dangerous or improper master, but a reasonably justifiable outbreak under the irritation of a servant's falsehood and impudence. If, on the other hand, the plaintiff was truthful and in fact gave no just cause for the assult, the conduct of the defendant was unreasonable, and justified the plaintiff in leaving the service.

No rule should be established that would give either master or servant an opportunity to seize upon a pretense in order to terminate the contract of service.

In this report there is nothing to indicate any untruthfulness on the part of the plaintiff, or charge of falsehood by him on the

defendant, or provocation of any kind. So far as appears, the defendant became provoked without cause, charged the plaintiff in substance with falsehood, and put him in fear of violence by a threatening demonstration. That a battery did not follow the unjustifiable assault was apparently due to the firm interference of the defendant's mother.

We think the report warranted the judgment of the County Court, and it is affirmed.