PEDER ERICKSON v. M. H. SORBY.[1]

October 23, 1903.

Nos. 13,604—(57).

**Master and Servant.**

An assault and battery wrongfully and unlawfully committed by a master upon his servant may justify the servant in abandoning the master's service, even though he be under contract for a definite period of time. The nature of the assault, and whether a sufficient justification, is a question of fact to be determined by the trial court.

**Assault and Battery.**

Evidence considered, and *held* sufficient to sustain the judgment appealed from.

Appeal by defendant from a judgment for $94.51 in favor of plaintiff and affirming a judgment of a justice of the peace for said county, entered in the district court for Chippewa county pursuant to an order of Qvale, J. Affirmed.

*Oluf Gjersci,* for appellant.

*C. D. Bensel,* for respondent.

BROWN, J.

Action to recover for work and labor, brought in justice court, where plaintiff had judgment, from which defendant appealed to the district court on questions of law alone. The judgment of the justice was there affirmed, and defendant appealed to this court.

[1]Reported in 96 N. W. 791.

The only question presented for consideration is whether the evidence, which was returned by the justice on the appeal, is, sufficient to sustain plaintiff's recovery. The defense to the action was that plaintiff had entered into a contract to perform labor and services for defendant for a definite period, and that without cause or justification he abandoned the contract before its completion. The contract was admitted by plaintiff, and he justified his failure to perform on the ground that defendant wrongfully and unlawfully committed an assault and battery upon his person, by reason of which he quit his service. The evidence presented in the record tends fairly to sustain plaintiff; and to show that defendant did, when plaintiff was engaged under the contract, commit an assault and battery upon him. This, if true, might justify plaintiff in abandoning his contract. The character of the assault, and whether a sufficient justification, was a question of fact, and we discover no reason for disagreeing with the conclusion reached by the court below.

As a general rule, a wrongful and unlawful assault and battery committed by the master upon his servant will justify the latter in abandoning his employment, though engaged for a definite and fixed time, and without working a forfeiture of compensation for the time actually engaged under the contract. Matthews v. Terry, 10 Conn. 457; Bishop v. Ranney, 59 Vt. 316, 7 Atl. 820.

The point made that the evidence tending to justify plaintiff in abandoning the contract was inadmissible under the pleadings, cannot, in view of the liberal rules applicable to proceedings in justice court, be sustained.

Judgment affirmed.