GEORGE LANGGUTH v. WILLIAM BURMEISTER.[1]

April 26, 1907.

Nos. 15,085—(33).

**Action for Wages—Entire Contract—Assault.**

    In an action to recover for wages, that the evidence was sufficient to sustain the verdict to the effect that the defendant assaulted the plaintiff, and that by reason thereof he was justified in leaving the service of

[1]Reported in 111 N. W. 653.

the defendant before he had completed his entire contract to serve for a fixed term at a stipulated sum for the full term.

Action in the district court for Scott county to recover $50.71 for services rendered. The case was tried before Morrison, J., and a jury, which rendered a verdict in favor of plaintiff for $49.80. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*F. C. Irwin,* for appellant.

*E. W. Komarek* and *A. J. Edgerton,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Scott denying the defendant's motion for judgment notwithstanding the verdict or for a new trial.

The complaint alleged that the plaintiff, at the request of the defendant, performed for him farm and other labor between March 27 and August 14, 1905, the reasonable and agreed "price" of which was $124.66, no part of which has been paid, except $73.95. The answer was to the effect that the parties entered into a special contract whereby the plaintiff was to work as a farm laborer for the defendant for the full term of eight months for the agreed price of $220; that the labor performed for the defendant was pursuant to such contract; and, further, that the plaintiff without just cause and without defendant's consent abandoned the contract and left the service of the defendant before the completion thereof. The reply admitted that the services were performed under an entire contract, and that the plaintiff left the service of the defendant before the expiration of the term for which he was employed, but alleged that the plaintiff was legally justified in leaving the service of the defendant because he wilfully assaulted him.

On the opening of the trial the defendant made a motion that the plaintiff be required to elect whether he would base his right to recover "on quantum meruit, or the special contract and the avoidance thereof." Motion was denied, and exception taken. Verdict for the plaintiff in the sum of $49.80.

The first error assigned is that the trial court erred in denying the defendant's motion to elect upon which ground he would base his right

to recover. No claim is made by the defendant that he was in any manner prejudiced by the denial of the motion, and the record shows that he could not have been. Therefore there is no merit in this assignment.

The other assignments of error raise the question whether the verdict is sustained by the evidence. Upon the admissions in the pleadings, the evidence, and the instructions to the jury, there was practically only one disputed question of fact for the jury, namely: Did the defendant wilfully assault the plaintiff, as claimed? If he did, the jury might well find that such assault justified the plaintiff in refusing longer to work for the defendant. Erickson v. Sorby, 90 Minn. 327, 96 N. W. 791. The evidence was radically conflicting on the question whether the assault was made or not. There was, however, sufficient evidence, if credible, and of this the jury were the judges, to sustain the verdict.

Order affirmed.