## State of Vermont v. John Stearns

[617 A.2d 140]

No. 91-543

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed September 4, 1992

Motion for Reargument Denied October 2, 1992

*Gary Kessler*, Supervising Appellate Prosecutor, Montpelier, for Plaintiff-Appellant.

*Matthew F. Valerio* of *Abatiell & Wysolmerski*, Rutland, for Defendant-Appellee.

**Dooley, J.** Defendant John Stearns was charged with driving under the influence (DUI) in violation.of 23 V.S.A. § 1201(a)(2). He filed a motion in limine to prevent the State from showing at trial that he refused to take a breath test, arguing that a contrary finding from an earlier civil license suspension proceeding was binding in the criminal case. The trial court granted the motion, reasoning that the State was collaterally estopped from relitigating the refusal issue, and the State took an interlocutory appeal from that ruling. We reverse and remand.

Defendant was arrested for DUI on August 11, 1991, at which time he was asked to give a breath sample. He indicated that he wished to consult with an attorney prior to deciding whether to take the breath test. According to an affidavit prepared by the arresting officer, defendant was permitted to speak privately with an attorney, and thereafter refused to take the test. Defendant testified in a civil suspension hearing, however, that the officer failed to give him an opportunity to decide whether to take the test before recording that he refused.

Pursuant to 23 V.S.A. § 1205(f), a civil license suspension proceeding was instituted against defendant in the district court. In such a proceeding, one of the issues is "whether the person refused to permit the test." *Id.* § 1205(g)(3). A deputy state's attorney presented the State's case, which consisted of an affidavit of the arresting officer. The affidavit stated that defendant refused to take the breath test but provided no details about the refusal. Defendant appeared pro se and testified that he did not refuse to take the test. The court accepted defendant's version of the incident, stating that defendant was not given enough time to decide whether to take the breath test after his conversation with the attorney. Judgment in the civil suspension hearing was entered for defendant, and the State did not appeal.

One day prior to the judgment in the civil suspension proceeding, the State filed a criminal DUI charge against defendant. In such criminal cases, refusal to take a breath test may be offered at trial as evidence against the defendant. See 23 V.S.A.

§ 1202(d)(6). Defendant moved to prevent the introduction of such evidence, arguing that collateral estoppel precluded the State from relitigating the issue after the district court's finding in the civil suspension hearing. The trial court granted the motion.

■ The trial court's decision was based on the doctrine of collateral estoppel, or issue preclusion. The elements of issue preclusion are:

(1) preclusion is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair.

*Trepanier v. Getting Organized, Inc.*, 155 Vt. 259, 265, 583 A.2d 583, 587 (1990); see also *Berlin Convalescent Center, Inc. v. Stoneman*, 159 Vt. 53, 56–57, 615 A.2d 141, 144 (1992) (applying *Trepanier* elements). We have never applied issue preclusion in a case of cross-over estoppel—that is, where one party claims that an issue decided in a civil case is precluded in a subsequent criminal case. See *People v. Gates*, 434 Mich. 146, 155, 452 N.W.2d 627, 630 (1990) (stating that cases of cross-over estoppel are relatively rare). We see no barrier, however, to the application of the doctrine in such a case as long as the standards of proof are the same and no right of trial by jury is affected. Those requirements are met here.

We agree with the trial court that the first three elements set forth in *Trepanier* are present. Both the civil suspension proceeding and the criminal case were filed in the name of the State of Vermont, and the same prosecutor appeared for the State in both cases. The question in the civil suspension proceeding was whether defendant refused to take the breath test, and the issue was resolved against the State. That same determination must be made in the criminal case as a threshold to the admissibility at trial of the alleged refusal.

The question before us reduces to whether there was a "full and fair" opportunity for the State to litigate the issue in the civil suspension proceeding, and to whether applying issue preclusion in the criminal case is fair. In considering whether these

two elements of *Trepanier* are satisfied, we must look to the circumstances present, including whether collateral estoppel is being used offensively or defensively, "the choice of forum, the incentive to litigate, the foreseeability of future litigation, the legal standards and burdens employed in each action, the procedural opportunities available in each forum, and the existence of inconsistent determinations of the same issue in separate prior cases." *Trepanier*, 155 Vt. at 265, 583 A.2d at 587. We are aided in this evaluation by decisions from other courts that have considered issue preclusion in similar circumstances.

A leading case is the Oregon Supreme Court decision in *State v. Ratliff*, 304 Or. 254, 744 P.2d 247 (1987). In *Ratliff*, a civil license suspension hearing was conducted in the Oregon Motor Vehicle Division involving a man charged with driving under the influence of intoxicants. The hearing officer entered judgment for the driver after finding that the police stop of his vehicle was not supported by reasonable suspicion that a crime had been committed. Declining to give preclusive effect to this determination in a later DUI prosecution, the court reasoned:

> The legislature has established an administrative procedure to be used when a driver refuses a breath test when suspected of driving while intoxicated. That procedure provides for a suspension of a license through administrative procedures pursuant to the implied consent law. . . . The administrative procedure can impose only limited sanctions and is designed to provide a simple and expeditious decision. A distinct procedure exists in the criminal justice system to determine whether the driver is guilty of driving under the influence of intoxicants. . . . The criminal trial is by constitution and statute more formal and hence more cumbersome. If collateral estoppel could be used against the state in the criminal case, the state or the DMV, to protect its position at the subsequent trial, would have to litigate the administrative hearings more extensively. . . . Thus, instead of the short, simple proceeding intended by the legislature, the license suspension hearings could become as long and as fully litigated as a criminal case. The intent of the legislature presumably was to avoid this.

*Id.* at 260, 744 P.2d at 250 (citations and footnotes omitted). The result of *Ratliff*, and at least part of the reasoning, has been

followed in other jurisdictions. See, e.g., *State v. Walker*, 159 Ariz. 506, 508, 768 P.2d 668, 670 (Ct. App. 1989) ("[t]o subject the state to issue preclusion from civil proceedings in an informal forum where it lacked incentive to litigate as fully as it would in a criminal forum would circumvent the legislature's purposes in creating the expedited dispositional procedures for civil traffic violations"); *People v. Moore*, 138 Ill. 2d 162, 169–70, 561 N.E.2d 648, 652 (1990) (State's incentive to litigate fully all issues in civil suspension proceedings is insufficient to justify issue preclusion); see also *In re Dennis B.*, 18 Cal. 3d 687, 695, 557 P.2d 514, 520, 135 Cal. Rptr. 82, 88 (1976) (applying collateral estoppel to issues decided in minor motor vehicle proceedings would impair the state's interest in maintaining the summary nature of such proceedings and would constitute gross unfairness to the state in criminal cases); *Gilberg v. Barbieri*, 53 N.Y.2d 285, 292, 423 N.E.2d 807, 810, 441 N.Y.S.2d 49, 51 (1981) (permitting preclusion in such circumstances could ultimately frustrate the purposes of collateral estoppel).

The Illinois statutory scheme outlined in *Moore* is very similar to the one in effect in Vermont. Although the summary hearing takes place in a court, the proceedings are intended to be very swift and the State's evidence is given through a sworn police report. The Illinois Supreme Court emphasized that these features were inconsistent with the application of issue preclusion, and that permitting such application would require officers to testify at the civil suspension hearings, resulting in a frustration of the purpose of the summary procedure. 138 Ill. 2d at 169–70, 561 N.E.2d at 651–52.

The rationale of *Ratliff* has been followed in other criminal cases, in contexts where issue preclusion is sought concerning an issue resolved in a less formal civil or administrative proceeding. See, e.g., *Lucido v. Superior Court*, 51 Cal. 3d 335, 347–50, 795 P.2d 1223, 1229–32, 272 Cal. Rptr. 767, 773–76 (1990) (probation revocation determination does not preclude relitigating the issue in a criminal trial); *Gates*, 434 Mich. at 161–65, 452 N.W.2d at 632–34 (decision in child protection proceeding does not have preclusive effect in criminal trial). The difference in the purposes of the civil and criminal proceedings must affect the wisdom of applying collateral estoppel. As the court observed in *Gates*: "If we were to endorse the proposition

that a determination of no jurisdiction in a child-protective proceeding operates to collaterally estop criminal charges, we would invite the risk that the proper functions of the two proceedings would be compromised." 434 Mich. at 162, 452 N.W.2d at 633.[1]

The Vermont civil suspension system is intended to work in a speedy and summary fashion. See 23 V.S.A. § 1205(i) (hearings "shall be summary proceedings"); Reporter's Notes to D.C.C.R. 80.5. There is little procedural formality, and the rules of evidence generally do not apply. See D.C.C.R. 80.5(f). The Legislature has specifically provided that affidavits of law enforcement officers and chemists are admissible to prove the State's case. 23 V.S.A. § 1205(i). The affidavit of the law enforcement officer is prepared on "a standardized form for use throughout the state." *Id.* § 1205(b). The system is structured so that the State can prove its case without taking the arresting officer from law enforcement duties to testify. Its weakness is shown in this case. The officer does not know how defendant will testify when the officer completes the standard-form affidavit; as a result, the affidavit contains only a general statement that defendant refused the test. The court must weigh the general information on this form against the defendant's live and detailed testimony to the contrary.[2] The quality of the evidence is decidedly in defendant's favor.

It is one thing for the State to assume the risk that a defendant's license will not be suspended because an officer's affidavit,

---

[1] We have found one contrary precedent, *Gonzalez v. Municipal Court*, 242 Cal. Rptr. 60 (Ct. App. 1987), a decision of the California Court of Appeal. The California Supreme Court refused review of the case and ordered that the opinion of the Court of Appeal not be officially published. *Id.* at 60. The lower court held that collateral estoppel did apply to issues litigated in administrative licensing hearings, and concluded that a formalization of the administrative proceeding in question was commanded by the serious offense involved in the case. We do not find *Gonzalez* persuasive, and note that it is a minority position and is disfavored in its own jurisdiction. It relies heavily, if not entirely, on a precedent that has been significantly narrowed by the California Supreme Court. See *Lucido*, 51 Cal. 3d at 345, 795 P.2d at 1231, 272 Cal. Rptr. at 771–72.

[2] To reduce the risk of trial by ambush, the rule requires that the parties engage in informal discovery at a preliminary hearing. D.C.C.R. 80.5(e). It does not, however, provide for disclosure of testimony and thus was not effective in this case to apprise the State of defendant's position.

in the face of defendant's live testimony, does not adequately convince the court. It is quite another thing if the risk includes the substantial chance that defendant also will avoid criminal responsibility. As the courts concluded in *Ratliff* and *Moore*, the effect would be that the State would be forced to try the criminal case, with live witnesses, in the civil suspension proceeding. Application of issue preclusion would nullify the summary suspension proceeding that the Legislature enacted.

■ Applying the *Trepanier* elements, we cannot conclude that the State had a full and fair opportunity in the civil suspension proceeding to litigate the issue of whether defendant refused the breath test, or that it would be fair to apply issue preclusion in this criminal case.[3] The decision to grant defendant's motion in limine was in error.

*Reversed and remanded.*

---

[3] Our decision rests on the facts of this case. We do not decide whether issue preclusion would be appropriate if the issue had been fully litigated in the summary suspension proceeding.