**STATE of Vermont v. Scott P. MANY**

[653 A.2d 780]

No. 94-241

December 13, 1994. Defendant appeals the district court's order denying his motion to suppress or exclude evidence of a breath alcohol test in his criminal prosecution for operating a vehicle while under the influence of intoxicating liquor, 23 V.S.A. § 1201(a)(2). In the civil suspension proceeding, the court denied suspension of defendant's license after determining that the breath alcohol testing methods were invalid and the test results were unreliable and inaccurate. In that proceeding, the State offered the police officer's live testimony and the chemist's affidavit. In the criminal proceeding, the State offered to introduce the chemist's live testimony regarding the reliability of the breath alcohol test. Defendant claims that collateral estoppel, or issue preclusion, bars the evidence from the subsequent criminal prosecution.

Issue preclusion does not apply between summary civil suspension proceedings and criminal prosecutions where the State did not have a fair and full opportunity to litigate and where it would be unfair to apply issue preclusion. *State v. Stearns,* 159 Vt. 266, 272, 617 A.2d 140, 143 (1992). The civil suspension system, which allows the State to prove its case through affidavits of law enforcement officers and chemists, is designed to "work in a speedy and summary fashion" that relieves the State of the incentive to fully litigate the issue. *Id.* at 270-71, 617 A.2d at 142. Absent full litigation at the sum-

mary suspension proceeding, application of collateral estoppel to issues decided at these summary proceedings would be unfair. *Id.* at 272, 617 A.2d at 143. Further, to require the State to fully litigate civil suspensions to the same extent as criminal cases would frustrate the legislative purpose of the summary system. *Id.* at 270, 617 A.2d at 142.

Defendant argues that the State had a full and fair opportunity to litigate in the civil suspension proceeding because it presented the live testimony of the arresting officer. He distinguishes this case from *Stearns* in which the State proved its civil suspension case solely by affidavits. In the *Stearns* civil suspension proceeding, the State had offered the officer's affidavit which stated that he had refused to take the breath test, but provided no details about the refusal. *Id.* at 267, 617 A.2d at 140. At trial, Stearns argued that collateral estoppel prevented the State from showing that he had refused to take a breath test and from introducing the arresting officer's live testimony concerning the refusal. *Id.* at 267-68, 617 A.2d at 141. This Court determined that use of affidavits alone did not provide a full and fair opportunity to litigate in the summary proceeding. *Id.* at 272, 617 A.2d at 143.

In this case, the State did not sacrifice the summary nature of the suspension proceeding merely by offering the officer's live testimony at the civil suspension proceeding. As in *Stearns,* application of collateral estoppel would frustrate the legislative purposes behind summary civil suspension proceedings, *id.* at 270, 617 A.2d at 142, and would be unfair to the State. *Id.* at 272, 617 A.2d at 143. Because there is no material difference between *Stearns* and this case, issue preclusion is inappropriate.

*Affirmed.*