Normandy v. Martin, No. S0278-04 CnC  (Norton, J., Jan. 11, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT                                              SUPERIOR COURT
Chittenden County, ss.:                                        Docket No.S0278-04 CnC


NORMANDY

v.

MARTIN


ENTRY

Plaintiff Kimberlie Normandy filed a two-count complaint against Defendant Raymond Martin alleging sexual assault and battery and intentional infliction of emotional distress.  She now moves for partial summary judgment on the issue of liability, arguing that Martin's plea of guilty to a criminal charge of sexual assault for the same incident precludes him from now litigating the facts of the assault.  For the reasons stated below, Normandy's motion for partial summary judgment is granted for the issue of liability on Count I, sexual assault and battery, and denied for the issue of liability on Count II, intentional infliction of emotional distress.

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law."  V.R.C.P. 56(c)(3).  In determining whether a genuine issue of fact exists, the nonmoving party receives the benefit of all reasonable doubts and inferences.  <u>Robertson v. Mylan Labs., Inc.</u>, 2004 VT 15, ¶ 15.  Allegations to the contrary must be supported by specific facts sufficient to create a genuine issue of material fact.  <u>Id</u>.  "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."  V.R.C.P. 56(c)(3).

## FACTS

The following facts are undisputed.  On August 24, 2002, Martin engaged Normandy in a sexual act.  Normandy reported this incident to police as non-consensual, and Martin was charged with sexual assault, to wit: "by having contact between his penis and K.N.'s[1] vagina, and compelling said K.N. to participate in the sexual act without her consent."  He pleaded guilty to this charge on May 6, 2003.  <u>State v. Martin</u>, No. 5848-08-02 CnCr (Burgess, J., May 6, 2003).  The District Court accepted Martin's plea after determining that there was a sufficient factual basis for the plea and finding the plea to be voluntary, made with knowledge and understanding of the consequences.

## DISCUSSION

Normandy argues that collateral estoppel applies to Martin's guilty plea and precludes re-litigation of his culpability.  Martin contends that

---

[1] K.N. refers to Plaintiff Kimberlie Normandy.

collateral estoppel does not apply to subsequent civil litigation when a defendant merely pleads guilty to the issues involved in a criminal proceeding.  He maintains that the factual issue of Normandy's consent to the sexual contact remains to be litigated and that summary judgment would be premature at this time.

> In Vermont, the crime of sexual assault is defined as:
>
> A person who engages in a sexual act with another person and
> (1) Compels the other person to participate in a sexual act:
> (A) Without the consent of the other person; or
> (B) By threatening or coercing the other person; or
> (C) By placing the other person in fear that any
> person will suffer imminent bodily injury

13 V.S.A. § 3251.  Thus by pleading guilty to the charge, Martin admitted that he engaged in a sexual act with Normandy; that he compelled this act; and that he did not have her consent.  The question is whether Martin should be able to re-litigate this position in the present, succeeding litigation.

<u>Collateral Estoppel</u>

Collateral estoppel precludes a party from re-litigating an issue that was decided against the party in an earlier action.  <u>Berlin Convalescent Center v. Stoneman</u>, 159 Vt. 53, 56 (1992).  Collateral estoppel applies when: "(1) preclusion is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion to the later action is fair." <u>Trepanier v. Getting Organized, Inc.</u>, 155 Vt. 259, 265 (1990).  In particular, a list of non-exclusive factors is available to help determine whether a situation satisfies the last two factors.  That list includes: the

incentive to litigate, the foreseeability of future litigation, and the legal standards and burdens employed in each action. Id.; see also Berlin Convalescent Center, 159 Vt. at 57.

Normandy seeks to use a form of estoppel known as "cross-over estoppel"—where one party claims that an issue decided in a criminal proceeding is precluded in a subsequent civil case, or vice versa. State v. Stearns, 159 Vt. 266, 268 (1992) (citing People v. Gates, 452 N.W.2d 627, 630 (Mich. 1990)). The use of cross-over estoppel has been recognized approvingly by the Vermont Supreme Court: "We see no barrier, however, to the application of the [cross-over estoppel] doctrine in such a case as long as the standards of proof are the same and no right of trial by jury is affected." Stearns, 159 Vt. at 268. While the Court has dealt with this issue, it has done so in the limited context of prior civil judgments crossing over into criminal prosecutions. In Stearns, for example, the use of cross-over estoppel was denied to a defendant in a criminal case for drunk driving after the defendant had successfully litigated his innocence in a prior civil suspension hearing. Id. at 272. The Court held that the determinations made in a civil suspension hearing should not be given preclusive effect because of the purpose and design of a civil suspension hearing was to provide speedy and summary justice. Id. at 271; see also 18B C. Wright, et al., Federal Practice & Procedure: Jurisdiction 2d § 4474, at 412 (2002) (noting that acquittals "seldom provide any basis for preclusion"). Similarly, in State v. Brunet, 174 Vt. 135 (2002) a defendant was denied the use of collateral estoppel in a criminal proceeding after successfully litigating an issue at a probation violation hearing. The Court found that the limited purpose of a probation hearing meant that the State did not a have the same opportunity and incentive to litigate as it would in the criminal proceeding. Id. at 140–43. The lower standard of proof in the first proceeding further supported denying use of collateral estoppel. Id. at 141.

Since the present case is a criminal case where a higher standard of proof was in effect, where the defendant had a full opportunity and a high incentive to litigate, the primary concerns of Stearns and Brunet are inapplicable.

Looking to other jurisdictions that have dealt with cross-over estoppel, there is a split over the preclusive use of guilty pleas to criminal charges in subsequent civil cases. State Farm Fire and Casualty Co. v. Fullerton, 118 F.3d 374, 378–82 (5th Cir. 1997) (collecting cases). These courts have also applied different sets of elements in arriving at their various conclusions. Compare James v. Paul, 49 S.W.3d 678, 682 (Mo. 2001) (applying a four factor test), with Aetna Casualty & Surety Co. v. Niziolek, 481 N.E.2d 1356, 1364 (Mass. 1985) (citing two factors—no factual finding that the defendant committed the crime and no possibility of inconsistent factual findings—to deny collateral estoppel). Applying the Vermont law of collateral estoppel and the reasoning of other jurisdictions where appropriate, the court finds that collateral estoppel does apply to Martin's guilty plea.

While the first element of collateral estoppel is clearly met by the undisputed fact that Martin was a party to the prior criminal case, the second element raises the difficult question of whether the plea of guilty resulted in a judgment on the merits. The Vermont Supreme Court has not explicitly ruled on this issue and other jurisdictions differ in their answers. Compare James, 49 S.W.3d at 683 (plea of guilty constitutes a judgment on the merits when plea was voluntary and judge determined that a factual basis existed for the plea), with Safeco Insurance Co. of Am. v. Liss, 2000 MT 380 ¶ 48 ("a guilty plea does not constitute a judgment on the merits"); see also 18B Wright, et al., at § 4474.1 (criticizing the use of collateral estoppel for prior guilty pleas). Notwithstanding this lack of general

consesus, there are several persuasive reasons for treating a guilty plea as a judgment on the merits.

Many of the courts that have applied collateral estoppel to guilty pleas emphasize the procedural safeguards in place to ensure that the plea is meaningful. A majority of states "cannot accept a plea of guilty in a felony case unless the defendant is found to be mentally competent, the plea is freely and voluntarily given, and a factual basis exists for the plea." James, 49 S.W.3d at 686 (citing Fullerton, 118 F.3d at 381). In Vermont and this case in particular, a district court must ensure that a plea is voluntary and that the defendant made a knowing waiver of his rights. V.R.Cr.P. 11(c) & (d). The district court is also required to "make such inquiry as shall satisfy it that there [was] a factual basis for the plea." V.R.Cr.P. 11(f). Here the court did this by asking Martin directly whether he had had sex with Plaintiff against her will. Martin answered an unequivocal yes. Only then did the court accept Martin's plea.

The language of Rule 11 and its Reporter's Notes lend further support. The rule itself describes the acceptance of a guilty plea as a "judgment." V.R.Cr.P. 11(f). The Reporter's Notes appear to have contemplated use of a guilty plea for issue preclusion when, in explaining the use of the alternative plea of nolo contendere, it states that a "defendant may desire to avoid the preclusive effect of a guilty plea or conviction upon a plea of not guilty in later civil or criminal litigation." Reporter's Notes, V.R.Cr.P. 11 at 57 (emphasis added). This language stands in contrast to the rules of a state such as Massachusetts that does not view a guilty plea as a judgment on the merits. See Niziolek, 481 N.E.2d at 1364. The Massachusetts equivalent of Rule 11 avoids mention of the word "judgment" in connection with guilty pleas and has no equivalent to Vermont's Reporter's Note. Mass.R.Crim.P. 12. The Vermont Rule's procedural safeguards to ensure the truthfulness of the plea coupled with its

description of acceptance of a guilty plea as a "judgment" and notes regarding the difference between the pleas of guilty and nolo contendere all weigh in favor of satisfying the second element.

The third element of collateral estoppel, whether the current issue is the same as the one previously litigated, is also met. Martin was charged with and pleaded guilty to engaging in a sexual act with Normandy and compelling Normandy to participate without her consent. See 13 V.S.A. § 3252(a)(1). This conduct satisfies the elements of sexual assault and battery. Assault is any gesture or threat of violence exhibiting an intention to cause harmful or offensive contact. Kent v. Katz, 146 F. Supp. 2d 450, 462–63 (D.Vt. 2001) (citing Bishop v. Ranney, 59 Vt. 316, 318 (1887)). Battery requires both an intention and actual contact to have occurred. Id. at 463 (citing Restatement (Second) of Torts § 13 (1977)). See In re Estate of Peters, 171 Vt. 381, 389 (2000) (evidence of sexual contact without consent was sufficient to prove intentional battery). Normandy's allegation of sexual assault and battery involves the identical issues present in the criminal sexual assault case.

The fourth element, that Martin have had a full and fair opportunity to litigate, is also satisfied. Hearings at which the rules of evidence or procedure are suspended are generally not full and fair opportunities. Summary process-type proceedings, for example, often lack a full and fair opportunity to litigate because of their emphasis on efficiency. See Stearns, 159 Vt. at 271-72 (civil suspension); Cold Spings Farm Dev., Inc. v. Ball, 163 Vt. 466, 469-70 (small claims); Brunet, 174 Vt. at 141 (probation revocation). The party need only have had an opportunity to litigate an issue and need not have taken advantage of the opportunity. Ball, 163 Vt. at 470. In the present case, Martin was not prevented from going forward with a full trial. Martin was provided with all due process rights available to a criminal defendant. Other jurisdictions have held that where a

defendant who pleaded guilty was given all due process rights, the defendant had a full and fair opportunity to litigate. See State Mutual Ins. Co. v. Bragg, 589 A.2d 35, 37 (Me. 1991). As already discussed, Martin was apprized of his right to a trial at the time he entered his plea and voluntarily turned it down. No greater opportunity to litigate short of actual litigation can be imagined.

The fifth element requires the court to consider the overall fairness of applying collateral estoppel to this guilty plea. As previously noted, a number of states do not apply collateral estoppel to guilty pleas. These opinions have primarily relied on section 85 of the Restatement (Second) of Judgments cmt. 5, indicating that for preclusion purposes a distinction should be made between a plea of guilty and a finding of guilt. The Restatement's analysis of the issue has been called into question, however, James, 49 S.W.3d at 686-87, and the general trend is toward applying collateral estoppel in a civil proceeding following a plea of guilty. Id. at 686; Fullerton, 118 F.3d at 381.

The fairness factors to consider, including incentive to litigate and the legal standards employed, also militate for application of collateral estoppel. Martin was charged with a felony and, though he avoided jail time with his plea, Martin had a strong incentive to litigate so as to avoid a suspended sentence of five to fifteen years and a criminal record. Martin was aware at the time he pleaded guilty that the State had the burden to prove his guilt beyond a reasonable doubt. The fact that a civil case requires his actions to be proven by the lesser standard of a preponderance of the evidence further supports the use of issue preclusion in this situation. Cf. State v. Pollander, 167 Vt. 301, 306-07 (1997) (holding that the State's failure to prove defendant's guilt at a criminal trial for drunk driving does not preclude State from relitigating defendant's intoxication in a civil

suspension hearing because of the differing standards of proof).

## Judicial Estoppel

Finally, the defendant's proposed position in this litigation, that Normandy consented to the sexual act, is precluded on a separate ground of judicial estoppel. This doctrine—separate from collateral estoppel—protects the integrity of the court by preventing a litigant from adopting two positions that are clearly contradictory when the first has been accepted by the court. New Hampshire v. Maine, 532 U.S. 742, 750 (2001). As a leading treatise describes its application:

> Courts do not relish the prospect that an adept litigant may succeed in proving a proposition in one action, and then succeed in proving the opposite in a second. . . . Absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.

18B Wright, et al., at § 4477, at 551–53; see also note, Judicial Estoppel and Inconsistent Positions of Law Applied to Fact and Pure Law, 89 Cornell L. Rev.191 (2003). In this case, Martin pled guilty to a crime that necessarily included the fact that he initiated a sexual act with Normandy's consent. In return, he gained the benefit of a reduced sentence. Martin cannot come to this court and disavow his implicit and explicit admission or maintain a defense based on re-litigating the question of consent, which has been settled. The result, if successful, would create two inconsistent judgments and the possibility that Normandy's legitimate right of recovery was defeated. Cf. Lowery v. Stovall, 92 F.3d 219, 220, 224–25 (4th Cir. 1996). For these reasons, Martin is also judicially estopped from relitigating the issue of consent and is bound by his guilty plea.

## Summary Judgment

Normandy moved for partial summary judgment on the issue of liability. After finding collateral estoppel and judicial estoppel apply to Martin's plea of guilty for sexually assaulting Normandy, no genuine issues of material fact remain for the claim sexual assault and battery. As discussed above, the elements of the crime to which Martin pleaded guilty satisfy all elements of the torts of assault and battery. Compare 13 V.S.A. § 3252(a)(1) with <u>Kent</u>, 146 F. Supp. 2d at 462–63 (describing elements of both assault and battery).

Normandy's motion appears to also seek partial summary judgment for intentional infliction of emotional distress. The statement of undisputed facts includes only facts relating to Martin's guilty plea. The elements of intentional infliction of emotional distress include more than the act of an intentional assault. There must be a finding that such conduct was outrageous and that the Normandy suffered extreme emotional distress. <u>Dalmer</u>, 174 Vt. at 171. Martin's guilty plea does not address those elements. Though collateral estoppel will preclude Martin from litigating the issue of the assault itself, genuine issues of material fact remain as to those elements of Count II.

Accordingly, Plaintiff Kimberlie Normandy's motion for partial summary judgment is granted for the issue of liability on Count I, sexual assault and battery and denied for the issue of liability on Count II, intentional infliction of emotional distress.

Dated at Burlington, Vermont this ___ day of January, 2005.



Presiding Judge