*Geico General Insurance Co. v. Cota*, No. 490-5-17 Cncv (Toor, J., Oct. 4, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

GEICO GENERAL INSURANCE
COMPANY, a/s/o MICHAEL FORKAS,
 Plaintiff

v.

NICHOLAS COTA,
 Defendant

Docket No. 490-5-17 Cncv

RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This insurance subrogation action arises from a motor vehicle collision between the subrogor, Michael Forkas, and defendant Nicholas Cota. Plaintiff Geico paid over $8,000 in claims to Forkas, and now seeks to collect that money from Cota based on his alleged negligence.

Geico moves for summary judgment on the grounds of collateral estoppel. It contends that because Cota pled guilty in criminal court to a charge of grossly negligent operation of a motor vehicle, in violation of 23 V.S.A. § 1091(b), he is precluded from denying in this civil action that he was negligent in operating his motor vehicle, and that his negligence caused injury to Forkas. Jacques N. Parenteau, Esq. represents Geico. Robert J. Kaplan, Esq. represents Cota.

As evidentiary support for its motion, Geico initially submitted a police officer's affidavit, the State's Information, and the court DDR from the criminal case. The court observed that the Information and court DDR were not properly authenticated pursuant to V.R.E. 902(4), and that if Geico intended to prove the fact of a criminal conviction, it needed to provide a certified judgment of conviction rather than merely the DDR. The court gave Geico two weeks to file new exhibits. Geico did so on August 31, 2018.

1

On May 27, 2014, Michael Forkas (Geico's insured) and Defendant Nicholas Cota were involved in a motor vehicle collision on White Birch Lane in Williston. Cota struck Forkas's vehicle as Forkas was pulling out from a driveway into the road. In an Information filed May 28, 2014, Cota was charged with reckless or negligence operation of a motor vehicle, in violation of 23 V.S.A. § 1091(b). The Information reads:

> Nicholas A. Cota, in the County of Chittenden, at Williston, on or about May 27, 2014, operated a motor vehicle on a public highway, a Peugeot on White Birch Lane, in a grossly negligent manner, by intentionally driving into another vehicle, in violation of 23 V.S.A. § 1091(b).

On October 27, 2014 Cota pled guilty to that charge in criminal court. The affidavit of Williston Police Office Eric D. Shepard, dated May 27, 2014, demonstrates that the charged crime for which Cota eventually pled guilty stems from the same incident that formed the basis for this civil action.[1] The plea judge found Cota's guilty plea to be voluntary, made with knowledge and understanding of the consequences and a knowing waiver of constitutional rights, and supported by a factual basis.

Discussion

In an action for common law negligence, the plaintiff must prove four elements: "a legal duty owed by defendant to plaintiff, a breach of that duty, actual injury to the plaintiff, and a causal link between the breach and the injury." Demag v. Better Power Equip., Inc., 2014 VT 78, ¶ 6, 197 Vt. 176. Here, Geico contends that Cota's prior conviction has a preclusive effect on this action, such that Cota cannot now contest the elements of its negligence claim.

---

[1] Cota correctly observes that the officer's affidavit contains inadmissible hearsay and statements that are not based on personal knowledge. Those portions of the affidavit are inadmissible to prove the truth of the matters asserted therein, and the court does not consider them. However, to the extent the affidavit consists of the officer's own observations and Cota's own statements, the affidavit is admissible. *See* V.R.C.P. 56(c)(1)(A) and (c)(4).

Collateral estoppel, or issue preclusion, "bars the subsequent relitigation of an issue that was actually litigated and decided in a prior case where that issue was necessary to the resolution of the dispute." Scott v. City of Newport, 2004 VT 64, ¶ 7, 177 Vt. 491 (quoting Alpine Haven Prop. Owners Ass'n v. Deptula, 2003 VT 51, ¶ 13, 175 Vt. 559); *see also* Mellin v. Flood Brook Union Sch. Dist., 173 Vt. 202, 209–10 (2001) ("When an issue of fact . . . is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.") (quoting Restatement (Second) of Judgments § 27 (1982)). Application of the doctrine requires that:

> (1) preclusion is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair.

Trepanier v. Getting Organized, Inc., 155 Vt. 259, 265 (1990) (citing Bernhard v. Bank of Am. Nat. Tr. & Sav. Ass'n, 19 Cal. 2d 807, 813 (1942); Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 328 (1971)). Among the appropriate factors for courts to consider in determining the presence of the final two criteria are "the type of issue preclusion, the choice of forum, the incentive to litigate, the foreseeability of future litigation, the legal standards and burdens employed in each action, the procedural opportunities available in each forum, and the existence of inconsistent determinations of the same issue in separate prior cases." Id. (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331–32 (1979); Blonder–Tongue, 402 U.S. at 333–34; Restatement (Second) of Judgments §§ 28–29 (1982)). Collateral estoppel serves the interests of repose and reliance, and prevents repetitious litigation. Wright & Miller, 18 Fed. Prac. & Proc. Juris. § 4416 (3d ed. Apr. 2017 update).

Geico seeks to use a form of estoppel known as "cross-over estoppel," where one party claims that an issue decided in a criminal proceeding is precluded in a subsequent civil case, or vice versa. State v. Stearns, 159 Vt. 266, 268 (1992) (citing People v. Gates, 452 N.W.2d 627, 630 (Mich. 1990)). The use of cross-over estoppel has been recognized approvingly by the Vermont Supreme Court: "We see no barrier, however, to the application of the [cross-over estoppel] doctrine in such a case as long as the standards of proof are the same and no right of trial by jury is affected." Stearns, 159 Vt. at 268.

Despite its general approval of the practice, the Vermont Supreme Court has dealt with cross-over estoppel only in the limited context of prior civil judgments crossing over into criminal convictions, and has denied the use of such estoppel twice. *See* id. at 271–72 (use of cross-over estoppel denied to defendant in criminal case for drunk driving after defendant had successfully litigated his innocence in prior civil suspension hearing; determinations made in civil suspension hearing should not be given preclusive effect because purpose and design of civil suspension hearing was to provide speedy and summary justice); State v. Brunet, 174 Vt. 135, 140–43 (2002) (defendant denied use of collateral estoppel in criminal proceeding after successfully litigating issue at probation violation hearing; limited purpose of probation hearing meant that State did not have same opportunity and incentive to litigate as it would in criminal proceeding, and lower standard of proof in first proceeding provided further reason to deny estoppel).[2]

---

[2] An older case, Russ v. Good, 92 Vt. 202, 205 (1917), involved a dinner table altercation between two granite cutters, where the defendant struck the plaintiff and broke his jaw. As a result of this incident, the defendant pled guilty to breach of the peace, and was then sued by the plaintiff for "trespass for an assault and battery." Id. at 203–04. The Court treated the defendant's guilty plea as an admission entitled to whatever weight the jury deemed appropriate in light of the defendant's explanation, and held that the trial court did not err in permitting the plaintiff's cross-examination of the defendant to go to the extent it did. Id. at 205. Despite one court's incorrect characterization of Russ as "taking the position that a plea of guilty is admissible in evidence as an admission in subsequent civil litigation, *but is not conclusive*," Aetna Cas. & Sur. Co. v. Niziolek, 481 N.E.2d 1356, 1363 & n.6 (Mass. 1985) (emphasis added), this court reads Russ instead as one of "[m]any cases [that] have treated guilty pleas as admissions, but [have] not resolved preclusion." Allen v. Martin, 203 P.3d 546, 562 (Colo. App. 2008). The latter interpretation is particularly persuasive in light of the Court's general approval of cross-over estoppel in Stearns. 159 Vt. at 268.

The precise issue now before this court was addressed in <u>Normandy v Martin</u>, No. S0278-04 Cnc, 2005 WL 8149913 (Vt. Super. Ct. Jan. 11, 2005) (Norton, J.). There, the plaintiff's two-count complaint alleged sexual assault and battery and intentional infliction of emotional distress, and the plaintiff argued that the defendant's guilty plea to a criminal charge of sexual assault for the same incident precluded the defendant from litigating the facts of the assault. <u>Id</u>. at *1. Judge Norton observed that the primary concerns of <u>Stearns</u> and <u>Brunet</u> were not applicable, and that an examination of other jurisdictions presented a "split over the preclusive use of guilty pleas to criminal charges in subsequent civil cases." <u>Id</u>. at *2 (citing <u>State Farm Fire and Casualty Co. v. Fullerton</u>, 118 F.3d 374, 378–82 (5th Cir. 1997), and comparing <u>James v. Paul</u>, 49 S.W.3d 678, 682 (Mo. 2001), with <u>Aetna Casualty & Surety Co. v. Niziolek</u>, 481 N.E.2d 1356, 1364 (Mass. 1985)). Ultimately, Judge Norton concluded that collateral estoppel applied to Normandy's guilty pleas, based on the Vermont law of collateral estoppel and the reasoning of other jurisdictions where appropriate. <u>Id</u>. This court finds Judge's Norton's decision persuasive, and draws on his reasoning in applying the <u>Trepanier</u> factors below.

The first factor is easily satisfied. Estoppel is asserted here against Cota, who was a party in the earlier criminal proceeding. However, as Judge Norton observed, "the second element raises the difficult question of whether the plea of guilty resulted in a judgment on the merits." <u>Normandy</u>, 2005 WL 8149913, at *3. Courts have split on that issue. *Compare* <u>James</u>, 49 S.W.3d at 683 (plea of guilty constitutes judgment on the merits when voluntary and when factual basis exists for plea), *with* <u>Safeco Ins. Co. of Am. v. Liss</u>, 16 P.3d 399, 407–08 (guilty plea does not constitute judgment on the merits because issue not actually litigated and defendant could have various reasons for pleading guilty); *see also* 18B Wright & Miller, Fed. Prac. & Proc. Juris. § 4474.1 (2d ed. Sept. 2018 update) (criticizing use of collateral estoppel for prior guilty pleas).

5

As Judge Norton emphasized in Normandy, and as other courts that have applied collateral estoppel to guilty pleas have noted, there are procedural safeguards in place to ensure that the plea is meaningful. *See* Normandy, 2005 WL 8149913, at *3; James, 49 S.W.3d at 686. In Vermont, the criminal court must ensure that a plea is voluntary, that the defendant made a knowing waiver of his rights, and that there is a factual basis for the plea. V.R.Cr.P. 11(c), (d), & (f). When a defendant chooses to resolve a criminal case without admitting guilt, he may enter a plea of "no contest." Additionally, Rule 11(f) describes the acceptance of a guilty plea as a "judgment," and the reporter's notes contemplate the use of a guilty plea for issue preclusion. Reporter's Notes, V.R.Cr.P. 11 (in explaining use of alternative plea of no contest, stating "[t]he defendant may desire to avoid the *preclusive effect of a guilty plea* or conviction upon a plea of not guilty in later civil or criminal litigation") (emphasis added).

The third element of collateral estoppel, whether the current issue is the same as the one previously litigated, is also satisfied. Cota pled guilty to grossly negligent operation of a motor vehicle "by intentionally driving into another vehicle," in violation of 23 V.S.A. § 1091(b) ("A person who operates a motor vehicle on a public highway in a grossly negligent manner shall be guilty of grossly negligent operation."). "The standard for a conviction for grossly negligent operation . . . shall be gross negligence, examining whether the person engaged in conduct which involved a gross deviation from the care that a reasonable person would have exercised in that situation." Id. § 1091(b)(2). In this case, Geico must prove that Cota was negligent, that is, that he had a duty of care toward Forkas and that he breached that duty of care. Geico must also prove that Cota's negligence caused the collision. A motorist has a duty to operate his vehicle "with the degree of care that a careful and prudent man would have exercised in like circumstances." Roberts v. State, 147 Vt. 160, 166 (1986). Intentionally driving into another car is neither "careful" nor

"prudent" behavior, and undoubtedly breaches that duty of care. By pleading guilty to gross negligence and admitting that he intentionally drove into Forkas's vehicle, Cota admitted that he was negligent and that his negligence caused the collision.

The fourth element, that Cota had a full and fair opportunity to litigate, is also met. The party need only have an *opportunity* to litigate an issue, and need not have taken advantage of the opportunity. *See* Cold Springs Farm Dev., Inc. v. Ball, 163 Vt. 466, 470 (1995) (emphasizing "opportunity"). Cota was provided with all due process rights available to a criminal defendant, and he was not prevented from going forward with a full trial. *See* Normandy, 2005 WL 8149913, at *3; *see also* State Mut. Ins. Co. v. Bragg, 589 A.2d 35, 37 (Me. 1991) (defendant who pled guilty and was given all due process rights had full and fair opportunity to litigate). Further, Cota does not direct the court to anything in the record at odds with his guilty plea nor, so far as the court can ascertain, has he sought to set aside his plea. *See* Allen v. Martin, 203 P.3d 546, 564 (Colo. App. 2008).

Fifth, and finally, the court concludes that applying collateral estoppel here based on the guilty plea is fair. A reasonable person could foresee future civil litigation in connection with a car accident where one participant is accused of negligent operation. That is, in fact, why many lawyers advise their clients to enter "no contest" pleas in such cases. While Cota might have avoided a jail sentence by pleading, he had an incentive to litigate to avoid another conviction on his criminal record and a suspended sentence with probation. *Cf.* Ideal Mut. Ins. Co. v. Winker, 319 N.W.2d 289, 296 (Iowa 1982) (quoting Prosise v. Haring, 667 F.2d 1133, 1141 (4th Cir. 1981), aff'd, 462 U.S. 306 (1983) ("[A]mong the most critical guarantees of fairness in applying collateral estoppel is the guarantee that the party sought to be estopped had not only a full and fair opportunity but an adequate incentive to litigate 'to the hilt' the issues in question. With respect to

issues representing the very elements of the crime charged, the adequacy of incentive to contest may be thought manifest in relation to any guilty plea."). Cota was also aware that the State would have had the burden to prove its criminal case beyond a reasonable doubt, and the fact that there is a lower standard in the civil action (preponderance of the evidence) further militates in favor of applying preclusion. Moreover, it would be fundamentally unfair to allow Cota to contest the issues of negligence and accident causation after he admitted in criminal court that he intentionally drove into Forkas's car.

The court recognizes that giving a guilty plea preclusive effect in a subsequent civil matter is contrary to the view expressed in the Restatement of Judgments:

> The rule of this Section presupposes that the issue in question was actually litigated in the criminal prosecution. Accordingly, the rule of this Section does not apply where the criminal judgment was based on . . . a plea of guilty. . . . A defendant who pleads guilty may be held to be estopped in subsequent civil litigation from contesting facts representing the elements of the offense. However, under the terms of this Restatement such an estoppel is not a matter of issue preclusion, because the issue has not actually been litigated, but is a matter of the law of evidence beyond the scope of this Restatement.

Restatement (Second) of Judgments § 85 cmt. b (1982). However, the cases relying on this section of the Restatement have been criticized for "fail[ing] to appropriately scrutinize the Restatement's rationale for estoppel." James v. Paul, 49 S.W.3d 678, 687 (Mo. 2001).

As one court has remarked, the Restatement itself "creates an unreasonable distinction between criminal pleas of guilty and criminal convictions at trial, without any real analysis," and "fails to recognize that, in modern practice, a felony plea of guilty requires an evidentiary basis for the plea in which the facts are explored by the parties and the court, and a judicial determination is made with respect to the essential elements of the crime." Id.; *see also* Ideal Mut. Ins. Co. v. Winker, 319 N.W.2d 289, 292–94 (Iowa 1982); Prosise v. Haring, 667 F.2d 1133, 1138–40 and

8

n.7 (4th Cir. 1981); Allan D. Vestal, The Restatement (Second) of Judgments: A Modest Dissent, 66 Cornell L. Rev. 464, 467–83 (1981).

The court further notes that the Restatement rule is based on a strict reading of the "actual litigation" requirement for issue preclusion, which diverges from Vermont law on collateral estoppel. *See* Trepanier, 155 Vt. at 265; Ball, 163 Vt. at 470. In an apparent adherence to the Restatement view, Wright & Miller contend that "[t]he plea-based conviction does not actually adjudicate the fact issues necessary to establish guilt, and accordingly should not support issue preclusion." 18B Fed. Prac. & Proc. Juris. § 4474.1. However, as they also concede: "It appears unseemly to allow a defendant who has pleaded guilty to deny guilt of the elements of the offense in later civil litigation." Id. Wright & Miller advocate instead for a form of "evidentiary" or "judicial" estoppel, but lament that "[t]here is little reason for optimism" that the practice of basing issue preclusion on guilty pleas will be changed.

Some courts have expressed similar policy concerns disfavoring preclusion in these circumstances. *See*, *e.g.*, Mrozek v. Intra Fin. Corp., 699 N.W.2d 54, 62 (Wis. 2005) (observing that there are many reasons and motives for reaching a plea agreement that have nothing to do with the determination of the issues in the later action); State Farm Mut. Auto. Ins. Co. v. Worthington, 405 F.2d 683 (8th Cir. 1968) (limiting plea to evidentiary admission where plea rested on fear of adverse community sentiment, parole had been agreed to, and defendant needed to be free to care for his children). However, "the availability of a nolo contendere plea significantly diminishes policy considerations disfavoring preclusion." Allen, 203 P.3d at 565. As the Colorado Court of Appeals has persuasively explained:

> [A]n innocent defendant who desires to avoid the burdens and uncertainties of a criminal trial can plead nolo contendere, thereby avoid issue preclusion in collateral civil proceedings, and litigate fact issues encompassed by the charges in such a

9

> proceeding. Allowing defendants to plead nolo contendere also facilitates plea dispositions by conserving judicial resources that might otherwise be consumed by defendants who went to trial because they feared collateral civil consequences.

Id. Indeed, this view is also implied by the Reporter's Notes to Vermont Criminal Rule 11: "The defendant may desire to avoid the *preclusive effect of a guilty plea* or conviction upon a plea of not guilty in later civil or criminal litigation." (emphasis added).

The court concludes that, on the particular facts of this case and based on the law of collateral estoppel as recognized and applied in Vermont, Cota's guilty plea and conviction should be given collateral estoppel effect in this civil litigation. Specifically, Cota is precluded from contesting the following issues: (1) that he breached a duty of care toward Forkas by intentionally driving into Forkas's vehicle; and (2) that Cota's breach of the duty of care caused the collision. Cota argues that he is entitled to argue at trial that Forkas was comparatively negligent. The court does not see how any comparative negligence on Forkas's part could have contributed to cause a collision that was intentionally caused by Cota. Moreover, "comparative negligence is an affirmative defense which must be pleaded under V.R.C.P. 8(c)." Palmisano v. Townsend, 136 Vt. 372, 374 (1978); *see also* Reporter's Notes, V.R.C.P. 8(c). Cota did not plead comparative negligence as an affirmative defense in his Answer, and he cannot now "plead" it into the case via argument in his opposition to a motion for summary judgment.

While the issues of Cota's negligence, comparative negligence, and accident causation are now resolved in Geico's favor, there is insufficient evidence to support applying collateral estoppel to the issues of injury causation and the amount of damages. There is no admissible evidence in the record demonstrating that the collision caused personal or property damage to Forkas.[3]

---

[3] Officer Shepard observed "minor damage" to the "rear driver's side bumper" of Forkas's Toyota 4Runner after the collision. *See* Shepard aff. ¶ 2. However, that is insufficient to conclusively establish that this collision, and not some other event, caused that damage. Nor does it establish the value of that damage.

Likewise, there is no properly submitted evidence of the amount of damages, if any, sustained by Forkas.[4] Thus, collateral estoppel does not apply to the following issues, which must be decided at trial or by another motion for summary judgment supported by sufficient evidence: (1) whether the collision caused harm to Forkas and/or his vehicle; and (2) the amount of damages, if any.

Order

Geico's motion for summary judgment is granted in part and denied in part. Cota is precluded from contesting the following issues: (1) that he breached a duty of care toward Forkas by intentionally driving into Forkas's vehicle; and (2) that Cota's breach of the duty of care caused the collision. Cota is also precluded from arguing that Forkas was comparatively negligent.

The remaining issues are: (1) whether the collision caused harm to Forkas and/or his vehicle; and (2) the amount of damages, if any. In accordance with the current discovery schedule, any further pretrial motions shall be filed by December 21, 2018, and the case shall be trial ready by January 25, 2019.

Dated at Burlington this 2nd day of October, 2018.

_____
Helen M. Toor
Superior Court Judge

---

[4] The court observes that Geico's earlier motion for default judgment, filed in October 2017, included an affidavit by a Geico employee stating that Geico made four payments to Forkas in connection with the accident, including "property damage," "medical payments," "Forkas deductible," and "rental vehicle coverage." The payments totaled $8,523.56. The motion for default judgment was granted, but then set aside in January 2018. Notably, this affidavit was not included with or even cited to in Geico's motion for summary judgment or accompanying statement of facts. *See* V.R.C.P. 56(c)(3) (court need consider only materials cited in required statements of fact). In any event, all it asserts is that Geico made payments of certain amounts to Forkas pursuant to its insurance policy, ostensibly for certain categories of damages. It does not provide evidence of the actual damages incurred by Forkas as a result of the accident.